No. 7408.

CLARK, ADM'R, ET AL. *v.* WILSON ET AL.

TRUST AND TRUSTEES.—*Deed.*—*Construction.*—*Intention.*—A deed, conveying the real estate of the grantor, and transferring his personal property to trustees, for the benefit of creditors, is to be considered as an entirety, and its true meaning gathered from all its provisions, and not from detached clauses, and the intention of the parties, so gathered, carried into effect.

SAME.—*Debtor and Creditor.*—*Performance of Trust.*—*Beneficiaries.*—Creditors, for whose benefit a trust is created, have an interest therein which can not be divested by the failure of the trustees to execute the trust within a time designated in the deed; courts will not annul such a trust because the trustees have not executed it within the time named, but may direct the removal of the delinquent trustees and appoint others, or compel those appointed to execute their trust. The failure of the trustees to do their duty does not revest title in the grantor, nor divest the rights of the beneficiaries.

SAME.—*Purchase of Trust Property by Trustee.*—The purchase of the trust property by a trustee is illegal, and may be set aside, but it is not a cause for impairing the rights of the beneficiaries, the creditors of the person creating the trust.

PRACTICE.—*Judgment.*—*Supreme Court.*—Objections to the form of a judgment can not be made for the first time in the Supreme Court.

From the White Circuit Court.

*M. M. Sill, J. A. Stein* and *S. A. Huff,* for appellants.
*A. W. Reynolds, E. W. Sellers* and *N. O. Ross,* for appellees.

ELLIOTT, C. J.—It is alleged in the complaint of appellants, who were plaintiffs below, that James C. Reynolds, husband of the appellant Maranda Reynolds, and intestate of the appellant Clark, was, on the 13th day of November, 1873, largely indebted on his individual account, and also on account of debts contracted by several firms of which he was a member; that on the date aforesaid James C. Reynolds was the owner of certain real estate situate in White county of the value of $30,000 over and above his indebtedness; that at the request of creditors he executed to the appellees a deed conveying all of the real estate to them in

trust, and also transferring to them personal property of the value of $4,665; that the said property was conveyed to the defendants as trustees for the creditors, and that it was their duty to convert the property so conveyed to them into money, and use the money received from the sale of property in discharging the indebtedness of the said Reynolds; that it was provided in the said deed, that "the trust should be closed within three years from the date" of the deed; that the period to which the duration of the trust was limited had expired; that there remained unsold a great part of the real estate described in the deed at the expiration of three years; that the deed of trust required that the grantor therein should be consulted in relation to the sale of the trust property, and that he was not so consulted. The prayer is, that the trust be declared at an end, and that the appellees be enjoined from attempting to execute it.

The appellees answered, setting forth at great length, and, it should be said, with needless detail, the acts done by them under the trust deed; that they had been unable to close the trust within three years because of the great depreciation in the prices of property; that the clause in the deed, "that this trust shall be closed within three years," was inserted at the request of the creditors, and for their benefit; that the deed contained the following provision, "whenever all the debts and liabilities of said James C. Reynolds, and of Reynolds & Orton, and of I. & J. C. Reynolds, herein enumerated and provided for, and the expenses of this trust are fully paid and discharged, the residue of property remaining in the hands of said trustees shall be by them returned to the said James C. Reynolds; that the said Reynolds had full knowledge of all the acts of appellees, and fully acquiesced therein; that the lands unsold at the time the complaint was filed were mortgaged for a large sum; that the creditors directed a sale thereof; that to prevent a sacrifice the appellee Wilson, without any private advantage or benefit to himself,

purchased said lands through the medium of one Andrew J. Murdock; and the appellees offer to set aside said sale, but ask leave to bid upon any new sale that the court may order so that they may secure the indebtedness due from the said Reynolds to them, and prevent a sacrifice of said property.

The objections urged against this answer are, first, it shows that the trust had expired by the limitation contained in the deed; second, that it shows that Reynolds was not consulted as the deed required; and, third, it shows an illegal act by one of the trustees in himself purchasing trust property. Of these in their order:

1st. The deed is to be taken as an entirety, and we are to gather its true meaning from all of its provisions and not from detached clauses. It is a familiar rule, that in construing deeds all parts thereof are to be taken together, and the intention of the parties thereto as gathered from the whole instrument carried into effect. Taking all of the provisions of the deed under examination into consideration, it is very plain that the parties intended that the trust should continue until all of the indebtedness of the creator of the trust was fully paid. The purpose for which the trust was created, the manner in which the trustees were directed to execute it, and the character of the acts which they were required to perform, very clearly show what the parties to the deed intended should be accomplished.

Creditors, for whose benefit a trust is created, have an interest therein which can not be divested by the failure of the trustees to execute the trust within a time designated in the deed creating it. Courts will not annul such a trust because the trustees have not executed it within the time named, but may direct the removal of the delinquent trustees and cause others to be appointed, or compel those appointed by the deed to proceed with the execution of their trust. The failure of the trustees to do their duty does not revest title in the grantor, nor does it divest the rights of the beneficiaries.

2d.  The answer avers, and the demurrer admits, that the creator of the trust acquiesced in all that was done by the trustees, and this avoids the charge of the complaint that he was not consulted as the deed required.  But, if it were true that he was not consulted, it would not be cause for revoking the trust and wresting from the creditors their rights. The failure of the trustees in this respect would not confer a right upon the creator of the trust to revoke or annul it.

3d.  The purchase of the trust property by one of the trustees was unquestionably illegal, and would be promptly set aside at the suit of the proper party.  It might, perhaps, be cause for removal from the trust of the trustees nominated in the deed, but it would not be cause for impairing the rights of the beneficiaries, the creditors of the person creating the trust.

There was no error in overruling appellants' demurrer to this answer.

A counter-claim was filed by appellees, bringing into court the administrator and heirs of James C. Reynolds, who had died after the filing of the answer.  This pleading is substantially the same in its leading and material features as the answer, except that it shows that the rights of the trustees in the property conveyed by the trust ought to be settled and determined, and asks for affirmative relief.  The same objections are urged to this pleading as were pressed against the answer, and what was said in disposing of them applies to those urged to the counter-claim.  There was no error in overruling the demurrer to appellees' counter-claim.

The cause was tried by the court, and a decree rendered in favor of the appellees.  The appellants moved for a new trial, upon the ground, as their motion states, that the "finding of the court is contrary to law, and not sustained by sufficient evidence."  The questions presented upon the evidence are substantially the same as those presented by the pleadings, and these we have sufficiently discussed.

The point is made in the supplemental brief filed by appellants, that the court erred in ordering that a sale of trust property should be made without relief from appraisement laws, to pay a claim due one of the trustees for expenses necessarily incurred in the discharge of his trust. No objection was made to the form of the judgment in the court below, and no exception taken to any part of the judgment or decree. No such question as that argued is presented by this appeal. In order to present such a question in the appellate court, the proper objection should have been stated to the trial court, and an opportunity afforded that court to make the correction, if, upon a review of the ruling, it should be of opinion that the complaining party was entitled to have it made.

Judgment affirmed, at the costs of appellants.