No. 8620.

## CLARK ET AL. *v.* MERRIAM ET AL.

TRUST AND TRUSTEE.—*Real Estate.—Title.—Trust Deed.—Judgment Lien.—Execution Sale.*—If land has been conveyed to a trustee and by him conveyed to another in discharge of the trust, the title of the grantee is superior to the claim of a purchaser at a sale upon execution on a judgment taken against the grantor in the trust deed, after the execution of that deed, but before the conveyance by the trustee.

SAME.— *Practice.—Counter-Claim.—Collateral Attack.*—In an action against a trustee of land to set aside the trust deed, he may, by cross complaint, procure an order for the sale of the land in execution of the trust, and such order can not be attacked collaterally by a party to the record.

PRACTICE.—*Application to be Made Party.—Exception.*—The error, if any, in rejecting an application to be made a party to a suit, is cured by the granting of a second application. The exception to the overruling of such an application must be saved by a bill of exceptions.

From the White Circuit Court.

*M. M. Sill* and *R. Gregory,* for appellants.

*A. W. Reynolds, E. B. Sellers* and *N. O. Ross,* for appellees.

WOODS, J.—The important question in this case was settled by the decision in *Clark, Adm'r,* v. *Wilson,* 77 Ind. 176.

This appeal is from a judgment in ejectment in favor of the appellees, who were the plaintiffs. They claimed title under a conveyance made by order of court, in execution of the trust created by the deed of James C. Reynolds, executed on the 13th day of November, 1873, and which in the case referred to was held to create a valid trust, which " should continue until all of the indebtedness of the creators of the trust was fully paid."

The appellants claim title by virtue of a judicial sale of the land under execution upon a judgment against Reynolds, the grantor in the deed of trust, but, as the judgment was rendered after the execution of the deed, the lien of the judgment, if it attached to the land at all, was subordinate to the trust, and consequently the title of the appellees, created as it was, in discharge of the trust, is paramount to any claim derived from the judgment.

The point is made, that the order of the court, under which the conveyance to the appellees was made, is invalid, because made upon a cross complaint, which, it is claimed, gave the court no jurisdiction for the purpose of making such an order. The order was made in the case of *Clark, Adm'r,* v. *Wilson, supra,* which was an action against the trustees named in the deed, for the purpose, mainly, of having the trust declared at an end. The suggestion, that in that suit it was not competent for the trustees to procure an order for the sale of lands remaining unsold, seems in itself to be without force, and it is not strengthened by the presentation of any reason or argument. The court was not without jurisdiction of either the subject or the proper parties, and if there was any irregularity or defect in the proceedings, it can not be made cause for an indirect or collateral attack upon the judgment. The prin-

cipal appellant, Maranda Reynolds, under whose alleged title the others defended, was a party to that action, and if she desired to bring the orders and judgment of the court into question, in the respect suggested, she should have done it by appeal.

Exception was taken to the overruling of the application of the appellant Maranda Reynolds to be admitted a party defendant. If the ruling was erroneous, there are two good reasons why the error is not available:

*First.* The application, the ruling and the exception are not made a part of the record, either by bill of exceptions or by an order of the court;

*Second.* On another application, made immediately upon the overruling of the first, she was made a defendant, and permitted to answer.

Other exceptions were taken, but no mention of them is made in the appellants' brief.

Judgment affirmed, with costs.