JOHN STEPHEN MOORMAN, CAROL LEA SKIBBE AND JOHN D. MOORMAN, JR. *v*. PATRICIA LYNN MOORMAN, KARI LYNN MOORMAN, JOHN SCOTT MOORMAN, AND TAMORA ANN SKIBBE, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE POSSIBLE UNBORN GRANDCHILDREN OF JOHN D. MOORMAN AND THE POSSIBLE UNBORN CHILDREN AND GRANDCHILDREN OF JOHN D. MOORMAN, JR.

[No. 3-473A37. Filed June 28, 1973.]

*LeRoy Gudeman,* of Knox, for appellees.

*Paul Reed,* of Knox, for appellants.

HOFFMAN, C.J.—This is an appeal from a judgment which construed the last will and testament of John D. Moorman.

Paragraph 5 of such last will and testament reads as follows:

> "5. I give, devise and bequeath to my son, John D. Moorman, Jr., a full life estate in the Six Hundred (600) acre farm known as the Eagle Creek Farm in Section Thirteen (13) and Fourteen (14), Center Township, Starke County, Indiana, together with the appurtenances thereunto belonging, and I give, devise and bequeath to all his legitimate children living at the time of his passing the fee simple title to said lands in Section Thirteen (13) and Fourteen (14) aforesaid or their legitimate descendants, share and share alike, in equal proportions and subject to the life estate of John D. Moorman, Jr., therein."

The trial court entered the following finding and judgment:

> "The Court having heard the evidence and being duly advised in the premises, does now make the following in-

terpretation of the Last Will and Testament of John D. Moorman:

"Paragraph Five (5) of said will gives to John D. Moorman, Jr. a life estate in the 600 acre farm known as the Eagle Creek Farm in Section Thirteen (13) and Fourteen (14), Center Township, Starke County, Indiana.

"The fee simple title shall vest at the time of the death of John D. Moorman, Jr. Said fee simple title shall vest in the children of John D. Moorman, Jr. or the descendants of deceased children of John D. Moorman, Jr. which said descendants are living at the death of said John D. Moorman, Jr."

The issue presented on appeal is at what point in time does the fee simple vest? At the death of the testator? At the death of the life tenant?

The provisions of the will must be examined to determine whether in construing it there is a necessity for resorting to rules of construction or whether the provisions clearly and plainly indicate the intention of the testator so as to make the rules of construction improper and unnecessary. *Busick* v. *Busick* (1917), 65 Ind. App. 655, 115 N.E. 1025.

The first part of Paragraph 5 clearly gives to testator's son, John D. Moorman, Jr., a life estate in the real estate therein described.

The second part of Paragraph 5 gives the fee simple to the legitimate children living at the time of the death of John D. Moorman, Jr., or the children's legitimate descendants. This seems to indicate that the fee simple would not vest until the death of John D. Moorman, Jr.

The third part of Paragraph 5 makes the children's interest, being the fee simple, subject to John D. Moorman, Jr.'s life estate. This is inconsistent with the proposition that the fee simple vests only upon the death of John D. Moorman, Jr. In order for the children's interest to be subject to the life estate the fee simple would have to vest at the time of testator's death.

Therefore, there exists such an ambiguity in Paragraph 5 of the will that the policy of the law makes it necessary to invoke the established rules of construction to construe such paragraph.

The rules of construction applicable are stated in *Aldred* v. *Sylvester* (1916), 184 Ind. 542, at 548-549, 111 N.E. 914, at 916:

"This court has with practical uniformity and consistency recognized the existence of the following rules where particular and future estates are created: (1) the law so favors the vesting of estates at the earliest opportunity and is so averse to a postponement thereof that they will be deemed as vesting at the earliest possible period, in the absence of a *clear manifestation* of the contrary intention; (2) words of postponement are presumed to relate to the beginning of the enjoyment of the estate, rather than to its vesting; (3) words of survivorship are presumed to relate to the death of testator, rather than that of the first taker, if they are fairly capable of such interpretation. [Citing authorities.] It is also well settled by our decisions that courts will not construe a limitation into an executory devise when it can take effect as a remainder nor a remainder to be contingent where it can be taken as vested. *Fowler* v. *Duhme, supra,* 267 [(1896), 143 Ind. 248, 42 N.E. 623]; *Carnahan* v. *Freeman* (1915), 183 Ind. 271, 108 N.E. 955; *Moore* v. *Lyons* (1840), 25 Wend. 119."

The Appellate Court in *Busick* v. *Busick, supra,* used these rules in construing a clause of a will similar to the one here in question.

In the light of *Busick* and the Supreme Court cases cited therein, it follows that by Paragraph 5 of the last will and testament of John D. Moorman, deceased, he devised a life estate to his son, John D. Moorman, Jr., in the real estate therein described and the remainder in fee to the children of John D. Moorman, Jr. living at the time of the death of the testator, subject to diminution of their shares to let in other children of John D. Moorman, Jr., if any, born during the life tenancy.

The judgment is, therefore, reversed with instructions to the trial court to enter findings and judgment in accordance with the conclusion herein announced.

Reversed with instructions.

Sharp and Staton, JJ., concur.

NOTE.—Reported at 297 N.E.2d 836.