MARGARET B. HAYES, EXECUTRIX OF THE WILL AND ESTATE OF STANLEY W. HAYES, JR., DECEASED *v.* THE SECOND NATIONAL BANK OF RICHMOND

[No. 1-777A160. Filed April 27, 1978. Rehearing denied May 23, 1978. Transfer denied October 10, 1978.]

*Gale Graber, Graber & Sandifer*, of Indianapolis, for appellant.

*William H. Reller, Reller, Mendenhall, Kleinknecht & Milligan*, of Richmond, for appellee.

ROBERTSON, J. — Plaintiff-appellant Margaret B. Hayes (Hayes), as executrix, appeals the granting of defendant-appellee's, The Second National Bank of Richmond (Bank), motion for summary judgment construing the will of Stanley W. Hayes, Sr. and presents the following issues for review.

(1)   Whether the testator's will manifested a clear intent that the remainder of the trust vest in the children surviving at the death of the trust beneficiary rather than at the death of the decedent.

(2)   Whether IC 1971, 29-1-6-1(c) applies to the case at bar.

Decedent Stanley W. Hayes, Sr. bequeathed a specific amount of money to his sons, Brice E. Hayes, Winchell C. Hayes, and Stanley W. Hayes Jr. and made a bequest for his institutionalized daughter, Joan, to the Bank in trust, for her use and benefit.

Stanley W. Hayes, Jr., predeceased his sister Joan on April 2, 1975; the latter died on May 1, 1975. Hayes, as executrix of the estate of Stanley W. Hayes, Jr., brought an action against the Bank for wrongful distribution of the residue of the trust created for and during the lifetime of Joan Hayes in that distribution was made only to the two brothers who survived her death.

The following portion of Item V of testator's will forms the crux of the controversy:

> "*At the death of my daughter* and after the payment of her proper burial, *then* all property remaining in said trust, I give, devise and bequeath to my daughter's children, equally, and if she have no children, then the same to my other children *then living*, equally, absolutely and in fee simple." (Our emphasis).

Hayes contends that this portion of the provision may be interpreted to apply to all children still living at the death of the testator. If so, then she, as executrix of her husband's estate, would be entitled to a portion of the residue of the trust property. The Bank, on the other hand, contends that the clear intent of the testator was that the residue of the trust be distributed to his children surviving at the death of Joan, the trust beneficiary. Although Hayes requested trial by jury, the trial court was persuaded by the latter argument and granted the Bank's motion for summary judgment.

The testator undoubtedly has the right, within legal limitations, to fix the time of vesting of any estate created by him. Moreover, the question of whether or not in a given case a particular estate or interest is vested or contingent depends, in final analysis, upon the intention of the testator as interpreted from the will. The various rules of construction which the courts have formulated to assist them in case of doubt must yield when they would lead to a result which is contrary to the manifest intention of the testator. However, if the will itself fails to disclose the intention of the testator, the court will invoke the settled rules of construction to determine whether the interest was intended to be vested or contingent. *Dawson v. McKee* (1954), 124 Ind. App. 233, 116 N.E.2d 538.

The law favors the vesting of estates at the earliest possible moment, and wills should be construed accordingly in the absence of a clear manifestation of the intention of the testator to the contrary. Further, words postponing the estate are construed to refer to the beginning of possession and enjoyment of the estate and not to the vesting thereof. *Moorman v. Moorman* (1973), 156 Ind. App. 606, 297 N.E.2d 836; *Aldred v. Sylvester* (1916), 184 Ind. 542, 111 N.E. 914.

In the case at bar, the intent of the testator must have been manifested so clearly that the trial court was justified in rendering summary judgment for the Bank. The purpose of the summary judgment rule is to provide a procedural device for prompt disposition of cases where there is no genuine issue of material fact to be determined in a trial, either by a court or a jury. A material fact is one which may be dispositive of the case; clearly, testator's intent is a material fact. If any doubt remains as to the existence of a genuine issue of material fact, such doubt must be resolved against the movant of the summary judgment. *Mitchell v. The Pilgrim Holiness Church Corp.* (7th Cir. 1954) 210 F.2d 879, *cert. den.* 347 U.S. 1013, 74 S.Ct. 867. Moreover, even if the facts are not in dispute, summary judgment is not appropriate when the information before the court reveals a good faith dispute as to the inferences to be drawn from those facts. *Yerkes v. Washington Manufacturing Co., Inc.* (1975), 163 Ind. App. 692, 326 N.E.2d 629 (disapproved on other grounds in *In re Marriage of Edley A. Robbins and Jean Robbins* (1976), 171 Ind. App. 509, 358 N.E.2d 153); *Matter of Big Racoon Conservancy Dist. v. Kessler Farms, Corp.* (1977), 173 Ind. App. 218, 363 N.E.2d 1004. However, despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute or conflict regarding a fact that is dispositive of the litigation. *Letson v. Lowmaster* (1976), 168 Ind. App. 159, 341 N.E.2d 785; *Aafco Heating and Air Conditioning Co. v. Northwest Publications, Inc.* (1974), 162 Ind. App. 671, 321 N.E.2d 580.

Hayes contends that title to all property remaining in said trust at the death of testator's daughter vested at the death of the testator. We do not agree. First, we must determine the nature of the provision of Item V. A remainder is "the remnant of an estate in land, depending upon a particular prior estate created at the time and by the same instrument, and limited to arise immediately on the determination of that estate and not in abridgement of it." BLACK'S LAW DICTIONARY (rev. 4th ed. 1968). We must further determine whether such remainder is vested or contingent. A vested remainder, if not defeated, is characterized by an absolute right to become a possessory interest at the end of the prior particular estate; there exists an immediate right of prior enjoyment in an ascertained person. Thus, the remainderman must be in existence and ascertainable at the time of the testator's death. C. SMITH

& BOYER, SURVEY OF THE LAW OF PROPERTY. (2d. ed. 1971) at 79. A contingent remainder, however, is an "estate which is limited to take effect either to a dubious and uncertain person or upon a dubious and uncertain event, which may never happen or be performed." BLACK'S LAW DICTIONARY, *supra*; 96 C.J.S. *Wills* § 929. In the case at bar, the right of the children of the testator to receive the remainder of the trust was contingent upon Joan not having any children: ". . . and if she have no children, then the same to my other children then living, equally, absolutely and in fee simple." Therefore, the limitation to the other children of the testator depended not only upon the death of Joan Hayes, but also upon whether or not she bore any children. Until the death of Joan, the right of the testator's children to take was uncertain.

Hayes argues that if the words of survivorship embodied in the phrase "then living" can be construed as referring to the death of the testator, then the contingent remainder in favor of the children of Joan Hayes may be overlooked since she had no children living at the time of the testator's death and that the second or alternate remainder to the children of the testator vested upon the death of the testator. However, the alternate remainder over to the "other children then living" does not immediately follow the devise of a life estate to the first taker, but is a second or alternate remainder which follows a prior contingent remainder. The testator apparently recognized the possibility that his daughter might have a child — a possibility which could not be extinguished until Joan's death.

Hayes argument is premised upon the application of the rules of construction. However, the application of these rules is improper and unnecessary when the provisions of the will plainly and clearly indicate the intention of the testator. *Busick v. Busick* (1917), 65 Ind. App. 655, 115 N.E. 1025, *on petition for rehearing*, 116 N.E. 861.

The testator states at the outset of Item V, "at the death of my daughter" . . . , "then, all property . . . I give, devise and bequeath . . .". The element of time to which the word "then" clearly refers, in addition to the initial language of the provision, is the death of the daughter. The provision then continues with the contingency; "If she have no children . . ." followed with a statement of the intention of the testator

if the contingency comes into effect, that is, "then to my other children *then living*, equally, absolutely and in fee simple." (Our emphasis). Clearly, "then living" denotes the beneficiaries of the contingency and refers back to the time of the death of the trust beneficiary.

There is no Indiana case so factually similar to the case at bar as is a Tennessee case, *First National Bank of Springfield v. Pointer* (1939), 174 Tenn. 472, 126 S.W.2d 335. The will involved in that case contained a provision stating:

> "for my daughter, Kittie Pointer, to be held by said trustee . . . for my said daughter during her natural life, and at her death, should she leave a child or children: the representatives of any deceased child or children taking the share it or their parent should have taken if living, at the death of my said daughter. Should my said daughter, Kittie, die leaving no child or children, then said legacy shall pass to her brothers, or their representatives, according to the laws of descent and distribution."

The Supreme Court of Tennessee held that the fact that Kittie Pointer was thirty-five years of age, unmarried, and had been a patient at the Central State Hospital in Tennessee was of no legal significance since it is a "well-established rule of law that the possibility of a woman having children is not extinguished until her death."

*Hackleman v. Hackleman* (1925), 88 Ind. App. 204, 146 N.E. 590 involves a controversy similar to the instant case. In that case, the testator devised a life estate to his widow and then provided the following: "I give and bequesth unto all my children that may be living at the death of my wife, Nancy all my property that may be remaining to be divided in equal parts among them." Three of testator's sons predeceased the life tenant. Appellees argued that the real estate vested absolutely at testator's death; however, the appellants contended that they were the owners of the real estate since they were the only children living at the death of the life tenant. The Appellate Court of Indiana stated that the language was not ambiguous and that the testator had created a contingent remainder in those of his children living at the death of the life tenant.

Hayes also cites *Alsman v. Walters* (1914), 184 Ind. 565, 106 N.E. 879, *on rehearing*, 111 N.E. 921, in support of her theory. *Alsman*, involved

the interpretation of the following clause: "After his death to his children surviving him, in fee simple." There, the Indiana Supreme Court determined that the words "in fee simple" created an ambiguity requiring the invocation of rules of construction. Although the pertinent provision in the present case contains those same words, we do not find that to be conclusory but, rather, follow the settled principles that, in determining the testator's intent, consideration must be given to all the words in the will and that a court is not at liberty to heed one phrase and disregard another. *Alsman v. Walters, supra.* Moreover, it has been stated many times that "while precedents are valuable aids to courts in the interpretation of wills, they are very rarely conclusive, for, in the last analysis, the meaning of every will must be determined upon considerations pertaining to its own peculiar facts." *Hackleman v. Hackleman, supra.*

The remaining issue for discussion is whether IC 29-1-6-1 applies to the case at bar. The pertinent portion of the statute is as follows:

"29-1-6-1 *Rules for interpretation of wills.* In the absence of a contrary intent appearing therein, wills shall be construed as to real and personal estate in according with the following rules:

(c) A devise of real or personal estate, whether directly or in trust, to the testator's or another designated person's "heirs" or "next of kin" or "relatives," or "family," or to "the persons thereunto entitled under the intestate laws" or to persons, described by words of similar import, shall mean those persons, including the spouse, who would take under the intestate laws if the testator or other designated person were to die intestate at the time when such class is to be ascertained, domiciled in this state, and owning the estate so devised. With respect to a devise which does not take effect at testator's death, the time when such class is to be ascertained shall be the time when the devise is to take effect in enjoyment.

Hayes contends that the purpose of the above statute is to establish the members of a class who would take under a will where its members are indefinitely described and that "such class" does not refer to persons definitely described. Having found an unambiguous intent by the testator that those of his children living at the death of the trust beneficiary should take the remainder interest in the event the trust beneficiary bore no children, we find that this particular statute has

no application to the case at bar. The trial court is affirmed.

Judgment affirmed.

Lowdermilk J. and Lybrook, P.J., concur.

NOTE—Reported at 375 N.E.2d 647.