Elzora B. HARTIG, Appellant
(Plaintiff Below),

v.

EVANSVILLE-VANDERBURGH
SCHOOL CORPORATION and Public
Employees Retirement Fund of Indiana,
Appellees (Defendants Below).

No. 1–181A7.

Court of Appeals of Indiana,
First District.

July 23, 1981.

Rehearing Denied Aug. 20, 1981.

John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, for appellant.

Jeffrey R. Frank, Evansville, for appellee Evansville-Vanderburgh School Corp.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for Public Emp. Retirement Fund.

ROBERTSON, Judge.

Elzora Hartig appeals the trial court's decision which granted summary judgment in favor of the defendants, Evansville-Vanderburgh School Corporation (School) and the Public Employees Retirement Fund of Indiana (PERF), in an action to recover pension benefits and damages.

We affirm.

Hartig was employed at the McCutchanville School in Center Township, Vanderburgh County, for twenty-six years. The Center Township school merged into a new school corporation, the Evansville School Corporation, now the defendant School, on January 1, 1958. At that time, the School adopted a resolution to continue the membership of the former School City of Evansville in PERF and to extend coverage to employees not previously covered, in partic-

ular, cafeteria personnel. However, the McCutchanville School in Center Township was a new participant in PERF and did not have a retirement plan prior to the merger of the various school corporations. Thus, Hartig became a member of PERF on January 1, 1958, the effective date of the School's resolution to participate. Subsequently, the School adopted a retirement policy which required cafeteria personnel to retire at the end of the school year in which they reached the age of 66 years. In Hartig's case, this was June 19, 1966.

At the time Hartig retired, she had been a contributing member of PERF for eight and a half years. Shortly after she retired, her contributions were refunded because the statute governing eligibility for pension benefits at that time, *Ind. Code* 5–10–1–30 (for the current law see *Ind. Code* 5–10.2–4–1), required ten years of service for employees who retired after reaching age sixty-five. PERF only credited Hartig with her eight and a half years service as a member in determining that she was ineligible.

Hartig apparently made an attempt to have her service prior to January 1, 1958, credited to her in October, 1962. Correspondence from the School to PERF, dated July 31, 1963, explained that the School did not credit Hartig for the prior service because the Center Township school did not participate in PERF and requested guidance from PERF, which was not forthcoming.

On July 14, 1978, Hartig initiated this action to recover pension benefits and damages, alleging that she was eligible to receive benefits and that she had been informed by the McCutchanville superintendent that she "had gotten in under the wire" to receive benefits. She also alleged that she was subsequently told by the School that she would have to work six more months to qualify for benefits, but was not allowed to do so because of the School's retirement policy, although younger employees were allowed to qualify.

In essence Hartig's complaint was based on three theories: 1) that she was not prop-erly credited with prior service which would have clearly qualified her for benefits, thus estopping the defendants from denying benefits because it was their duty to properly credit her service; 2) that because of misrepresentations made to her by supervisors, the parties should be estopped from denying benefits, and 3) that she was discriminated against because of her age by being forced to retire before qualifying for benefits.

Summary judgment was entered in favor of the defendants on the basis that Hartig was only entitled to the eight and a half years creditable service; her prior service not being creditable because prior to January 1, 1958, the School and its predecessor provided no retirement fund. On appeal, Hartig asserts that her prior service was properly creditable and that the trial court erroneously applied current law defining creditable service rather than the law in effect in 1966. Arguing that both PERF and the School should have credited her for this prior service, pursuant to a statutory duty, especially in light of the attempt she made to receive credit for such service in a letter of October 11, 1962, which put both defendants on notice, she contends that they should now be estopped from denying her benefits.

■ The trial court's order does refer to the fact that the School and its predecessors did not participate in a retirement fund. Such language does parallel current statutory language defining creditable service, *See Ind. Code* 5–10.2–3–1, and we agree with the plaintiff's assertion that the statute in effect in 1966, should be the basis for determining her creditable service. It is not clear, however, that the trial court applied the wrong statute and if it did the error was harmless because application of the prior statute yields the same result. The statute in effect when Hartig retired was *Ind. Code* 5–10–1–6 which stated in relevant part:

CREDITABLE SERVICE. (a) Each employee of the state of Indiana or a participating municipality or a participating unit of a municipality in active service on

the effective date or date of eligibility whichever is later, as provided in section 5 [5–10–1–5] . . . who shall have become a member of the fund, shall receive credit for all service rendered his immediate employer prior to such date in any position and in any department in the service of such immediate employer for which the employee shall have received compensation. Each member entitled to proper service credit shall file with the board and under such rules as may be adopted by the board, a detailed statement of all such service rendered prior to the effective date or date of eligibility for which the employee claims credit.

"Immediate employer" was defined by *Ind. Code* 5–10–1–4 as:

> [T]he employer receiving service of an employee at the time he became a member of the fund. Only the state of Indiana or a participating member municipality or a participating unit of a member municipality shall be considered an immediate employer.

For two reasons, the School was not Hartig's immediate employer. The School is not the same entity as the Center Township School and therefore, service rendered prior to January 1, 1958 was not rendered to the School. Additionally, IC 5–10–1–4, required that an immediate employer must have been a participant in PERF before the employee could receive prior service credit and Center Township was not a participant. Because these facts were dispositive of Hartig's claim, it was proper for the trial court to enter summary judgment and to rule in the defendant's favor. *Lane v. Barringer* (1980) Ind.App., 407 N.E.2d 1173; *Hayes v. Second Nat. Bank of Richmond*, (1978) Ind. App., 375 N.E.2d 647.

Judgment affirmed.

NEAL, P. J., and RATLIFF, J., concur.