**AMERICAN UNDERWRITERS, INC., Attorney-in-Fact for the Subscribers at the American Interinsurance Exchange, Appellant (Plaintiff Below),**

v.

**AUTO–OWNERS MUTUAL INSURANCE COMPANY, Appellee (Defendant Below).**

**No. 2–1282A421.**

Court of Appeals of Indiana,
Third District.

Oct. 11, 1983.

Rehearing Denied Nov. 21, 1983.

John W. Hammel, Mark L. Dicken, Yarling, Robinson, Hammel & Lamb, Indianapolis, for appellant.

Alvin E. Meyer, Stephen J. Peters, Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

On September 26, 1979, McQueary entered into a written lease agreement with Macy Transport, Inc. This agreement involved the leasing of a truck, owned by McQueary, and a driver for use by Macy. In the lease agreement McQueary agreed to provide fire, theft and collision insurance for the leased vehicle. In addition McQueary agreed to provide $50,000 of property damage insurance as well. The lease agreement further provided that McQueary "shall have full and absolute responsibility" for carrying *all* necessary insurance and shall hold harmless Macy.

McQueary obtained insurance from American Interinsurance Exchange and provided Macy with a certificate of said insurance. On October 23, 1979, McQueary was operating the leased vehicle for the benefit of Macy when he was involved in an accident. The accident involved a collision with an automobile driven by Mary Kay Roby. AIE paid Roby $2,119 representing the amount of damage inflicted upon her auto. AIE through its attorney-in-fact, American Underwriters, Inc., then sought contribution from Auto-Owners Mutual Insurance Company. Auto-Owners had issued an insurance policy to Macy.

AUI filed a complaint seeking pro rata contribution from Auto-Owners as the insurer of Macy. AUI argued the accident occurred while the leased truck was operated under the control and supervision of Auto-Owners' insured, Macy, thereby raising the issue of contribution. Auto-Owners moved for dismissal of the cause of action on the ground AUI had failed to state a claim upon which relief could be granted. The motion for dismissal was treated as a summary judgment by the trial court, without objection from the parties, and granted.

On appeal AUI raises two issues:

(1) whether the trial court erred in determining that AUI's complaint was barred by the insureds' lease agreement; and

(2) whether the trial court's grant of Auto-Owners' motion to dismiss was contrary to law.

As these issues present the same basic question in altered form, they will be combined for review.

When matters outside of the pleadings are considered by the court when determining how to rule on a motion to dismiss, as was done here, the matter must be treated as a summary judgment. *Ind. & Mich. Elec. Co. v. City of Anderson et al.,* (1978) 176 Ind.App. 410, 376 N.E.2d 114. Summary judgment is properly entered only in a situation where there is no genuine issue of material fact. *Carrell v. Ellingwood,* (1981) Ind.App., 423 N.E.2d 630. A material issue of fact is said to exist where the resolution of some question or issue has a decisive bearing upon the outcome of the cause of action. *McKenna v. City of Fort Wayne,* (1981) Ind.App., 429 N.E.2d 662. When reviewing a grant of summary judgment, the evidence is viewed in a light most favorable to the opponent of the motion and all doubts are resolved in his favor. *F.W. Means & Co. v. Carstens,* (1981) Ind. App., 428 N.E.2d 251. This Court must determine whether any material issue of fact exists and whether the trial court correctly applied the law. *Enderle v. Sharman,* (1981) Ind.App., 422 N.E.2d 686.

Appellant argues that there existed material issues of fact regarding Auto-Owners' obligation of contribution arising from its insurance policy held by Macy. The argument presented by appellant mainly consists of counter-arguments to those presented by Auto-Owners in support of its motion to dismiss. It is appellant's contention that the lease agreement entered into by Macy and McQueary does not bar contribution from Macy's insurer as argued by Auto-Owners.

Appellant expends much effort arguing it has a right to contribution from the appellee by virtue of the language of the insurance policies. It is appellant's contention that the language of the lease agreement has no affect on the coverage provided by the parties' insurers and their respective rights to contribution. This Court has already held that parties may by contractual arrangement shift their respective burdens of risk thereby effecting the obligations of their insurers. *Rieth-Riley Const. v. Auto-Owners Mut. Ins.,* (1980) Ind.App., 408 N.E.2d 640.

The language of the lease agreement entered into by McQueary and Macy clearly indicates that the parties intended McQueary obtain insurance and hold harmless Macy for any damages incurred in the operation of the leased vehicle. McQueary obtained insurance for this very purpose. It appears from the lease agreement the parties intended McQueary to be the pri-

mary insured while Macy was a secondary insured.

The language of the insurance policy obtained by Macy bolsters this inference. The policy states:

"16. Other Insurance.

\* \* \* \* \* \*

The insurance afforded under Coverages A and B shall be *excess* over any other valid and collectible insurance available to the named insured under policies issued to *persons* or *organizations subject to the security requirements of any motor carrier law or regulation* because of transporting property for the named insured or for others." (Emphasis added.)

Upon inspection of the Motor Carrier Act of 1935, Ind.Code §§ 8–2–7–1 *et seq.* (Burns 1982 Repl.), it is abundantly clear that McQueary is in fact subject to that act as a "contract carrier."

"(h) the term 'contract carrier' shall mean any person who engages in transportation by motor vehicle of passengers or property, for compensation (other than transportation referred to in subparagraph (g) of this section), under continuing contracts with one (1) person, or a limited number of persons, either (a) for the furnishing of transportation services through the dedication of motor vehicles for a continuing period of time to the exclusive use of each person served or (b) for the furnishing of transportation services designed to meet the distinct need of each individual customer."

Ind.Code § 8–2–7–2 (Burns 1982 Repl.). Since McQueary engaged in transportation of property for compensation under a continuing contract, the lease agreement, on behalf of Macy and furnished transportation services for Macy through that lease, he meets the definitional terms of a contract carrier as set out by statute. A contract carrier is required to obtain a permit and registration as well as a surety bond, indemnity undertaking, or insurance. Ind. Code §§ 8–2–7–19 and 20 (Burns 1982

Repl.). Since McQueary is a carrier subject to the Motor Carrier Act of 1935, as discussed above, the exception found in Macy's insurance policy is activated.[1]

The policy thus provides that Macy is an excess insurer since it has available to it the proceeds of the insurance policy held by McQueary by reason of his being the primary insured. Thus, in the case at bar since the damage did not exceed the policy limits of McQueary's insurance policy, appellant has no right to contribution from Auto-Owners since the police language and the parties' lease agreement provides that Auto-Owners is a secondary insurer offering only excess coverage. This being the situation there is no material issue of fact, and appellee was entitled to a grant of summary judgment, as rendered by the trial court, as a matter of law.

Affirmed.

GARRARD and STATON, JJ., concur.

---

1. The insurance policy also includes two riders which contain language applicable to the situation at bar. Both riders expressly provide that the policy held by Macy should be considered excess coverage in the instant situation.