Sara Osborne Kirk PECHIN,
Plaintiff-Appellant,

v.

Lavon Hilligoss MEDD; Juanita Medd Hall; Thomas Medd; Chase Medd; the Unknown Heirs, Descendants, Assignees, Personal Representatives, Grantees, Trustees, Devisees, Legatees or Successors-In-Interest, if Any, of Elsa M. Hilligoss; Evelyn Johnson; Lavon Medd, as the Executrix of the Estate of Leona May Johnson, also known as Leona May Hilligoss Johnson; the Unknown Heirs, Descendants, Assignees, Personal Representatives, Grantees, Trustees, Devisees, Legatees or Successors-In-Interest of Leona May Hilligoss Johnson; all persons whomsoever and all associations, firms, partnerships and corporations, whatsoever, and all personal representatives and successors-in-interest and all claimants who assert or might assert any claim, right, title or interest in or lien upon the real estate described in the complaint in this action or in any part or parcel thereof derived, independently, or from, by or through any of the defendants to this action by whatsoever name or names said persons or claimants are now or may have heretofore been known, the names of all of whom are unknown to plaintiff-appellant, Defendants-Appellees.

No. 1–984A219.

Court of Appeals of Indiana,
First District.

April 17, 1985.

Rehearing Denied May 31, 1985.

Rosenthal, Grieves & O'Bryan, Lafayette, for plaintiff-appellant.

C. Jack Clarkson, John O. Worth, Clarkson & Worth, Rushville, for defendants-appellees.

NEAL, Judge.

## STATEMENT OF THE CASE

Sara Osborne Kirk Pechin (Pechin) appeals the Hancock Circuit Court's grant of the summary judgment motion of Lavon Hilligoss Medd (Medd), et al. Pechin had filed a complaint to construe the Will of her great-grandmother, Emily Hilligoss, alleging that she was entitled to a one-half interest in a 133-acre farm in Rush County that Emily had devised to Leona May Johnson (Leona) and her surviving children.

We affirm.

## STATEMENT OF THE FACTS

The Testatrix, Emily, was married to Dora Hilligoss, and they had three children: LaVon, who died June 9, 1909; Elsa, who died January 21, 1972; and Leona, who died September 7, 1981, at the age of 98. Emily died on May 8, 1930, and her Will was duly entered for probate in Rush Circuit Court on July 30, 1930. Emily was survived by her husband, Dora, her daughter, Leona, her son, Elsa, and her deceased daughter's son, Lowell Osborne. Item II of Emily's Will, as is relevant herein, stated:

"ITEM II. I give, devise and bequeath all of my real estate to my beloved husband, Dora M. Hilligoss, for his use and

benefit for and during the period of his natural life, and the remainder in fee of said real estate, I give, devise and bequeath to my children and grandchildren as follows:

1. To my daughter, Leona May Johnson, and her children, my farm in Anderson Township, Rush County, Indiana, containing one hundred and thirty-three (133) acres more or less. The said Leona May Johnson to have a life estate in said farm with the remainder in fee simple to her surviving children.

2. To my son, Elsa M. Hilligoss, and his children, my farm in Rushville Township, Rush County, Indiana, being the home farm lying south of the Pennsylvania Railroad, and containing one hundred (100) acres, more or less.

3. To my grandson, Lowell M. Osborne, and his children, my farm in Rushville Township, Rush County, Indiana, being in Section Two (2), Township Thirteen (13) North, Range Nine (9) East, and containing Sixty (60) acres more or less. The said Lowell M. Osborne to have a life estate in said farm with the remainder in fee simple to his surviving children. In the event said Lowell M. Osborne dies without leaving children surviving, then the share herein devised to him and his children, I give and devise and it shall go to my children, Leona May Johnson and Elsa M. Hilligoss and their children."

In 1935, Dora died, survived by Leona, Elsa, and Lowell.

Leona had married Caspar Johnson in 1906 and had three children, Viola LaVon, who died in 1966, Chlorine Bernice, who died in 1976, and Dora LaVet, who died in 1970. Leona outlived all three of her children, but they all were alive when Emily died.

Elsa, the youngest child of Emily and Dora, was married in 1912 and two children were born of the marriage; one of them, LaVon Hilligoss Medd, born in 1914, is one of the appellees herein. Lowell, the grandson, was married in 1935 and Sara Pechin,

the appellant, was the only child of this marriage.

## STATEMENT OF THE ISSUE

Pechin raises the following issue— whether the trial court committed reversible error in granting summary judgment in favor of defendant-appellees Medd, et al.

## DISCUSSION AND DECISION

The trial court found, in relevant part: "The Court finds that upon the death of Emily Hilligoss on May 8, 1930, Leona May Johnson was living and her three children were also living. The Court further finds that all three children of Leona May Johnson died prior to the death of Leona May Johnson on September 7, 1981.

The Court finds that Leona May Johnson had a vested interest in the real estate named in Item II(1) of the Will of Emily Hilligoss and that upon the death of Leona May Johnson on September 7, 1981, the Estate of Leona May Johnson had fee simple title to that real estate.

IT IS THEREFORE FINALLY ORDERED, ADJUDGED AND DECREED by the Court that Judgment be entered in behalf of the defendants and that the plaintiffs take nothing by way of their Complaint. The Estate of Leona May Johnson has fee simple title in the following described real estate located in Anderson Township, Rush County, Indiana:"

[Description omitted.]

■ Summary judgment may be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there was no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56(C); *Boswell v. Lyon*, (1980) Ind.App., 401 N.E.2d 735. Clearly, in this case, the only question is one of law: was the remainder created by Emily's Will for her grandchildren contingent or vested? The trial court necessarily found that the re-

mainder vested at the testator's death, for it found that Leona's estate had fee simple title to the 133-acre farm. Since Leona outlived her children, their interest became vested in her estate upon their deaths.

Pechin's argument revolves around the phrase "with the remainder in fee simple to her *surviving children.*" (Our emphasis.) She asserts that such language requires the conclusion that Leona's children had a contingent remainder, subject to the condition that they outlive the life tenant, Leona. Since no child outlived its mother, then upon Leona's death, the interest reverted to Emily's estate for distribution as part of the residuary estate.

■ "The provisions of the Will must be examined to determine whether in construing it there is a necessity for resorting to rules of construction or whether the provisions clearly and plainly indicate the intention of the testator so as to make the rules of construction improper and unnecessary." *Moorman, et al v. Moorman, et al,* (1973) 156 Ind.App. 606, 608, 297 N.E.2d 836. Thus, our preliminary determination is whether the will provision is ambiguous. If so, then we resort to the standard rules of construction in order to determine the nature of the provision.

■ For the sake of easy reference, we will restate the relevant clause:

"1. To my daughter, Leona May Johnson, and her children, my farm in Anderson Township, Rush County, Indiana, containing one hundred and thirty-three acres, more or less. The said Leona May Johnson to have a life estate in said farm with the remainder in fee simple to her surviving children."

Initially, Emily devises the farm in fee simple to Leona and her children; however, she refines the devise by granting Leona a life estate and the remainder in fee simple to her surviving children. Our determination that this provision is ambiguous follows an Indiana Supreme Court case which is nearly identical to the instant one and represents Indiana's minority position on the issue of express words of survivorship—*Alsman v. Walters,* (1914) 184 Ind. 565, 106 N.E. 879. *See* Simes, *Future Interests,* Ch. 17 (1966).

In *Alsman,* the will provision at issue in the case read as follows:

"I give and bequeath to my son, Francis M. Walters, during his natural life and after his death to his children surviving him in fee simple the following tract of land ..."

*Alsman, supra,* at 567, 106 N.E. 879.

The Indiana Supreme Court held that the above gift was to a class, children, with a life estate intervening:

"Where such a gift is immediate, the persons constituting the class are ascertained as of the date of the death of the testator. 40 Cyc. 1475. Where a life estate is carved out, with a gift over to children of the life tenant, the gift not only embraces the children living at testator's death, but also all who may come into existence during the life tenancy. In such case, the children alive at testator's death take an immediately vested interest subject to a diminution of their shares to let in such others as may be born during the life tenancy. *Biggs v. McCarty,* (1882), 86 Ind. 352, 364, 44 Am.Rep. 320; 40 Cyc. 1480."

*Id.* at 568–569, 106 N.E. 879.

The court found that the estate devised to Francis' children was in fee simple: had the phrase "in fee simple" been eliminated, the case for a contingent remainder would be stronger because in such case "the term 'surviving him' might better denote an intent to limit the vesting of the absolute estate in those children only who might survive the first taker." *Id.* at 570, 106 N.E. 879. Since the testator's intention to create a contingent remainder was not clearly manifested, though, the court resorted to established rules for the construction of ambiguous devises:

"Among such rules are the following: the law looks with disfavor on postponing estates, and the intent so to do, must be clear and not arise from inference or construction; it presumes that words postponing the estate relate to the begin-

ning of the enjoyment of the remainder, and not to the vesting of such an estate; it favors the vesting of remainders absolutely, rather than contingently or conditionally; partial intestacy will be avoided if possible. *Aspey [Aspy] v. Lewis* (1899), 152 Ind. 493, 52 N.E. 756; *Moores v. Hare* (1896), 144 Ind. 573, 43 N.E. 870; *Myers v. Carney* (1908), 171 Ind. 379, 86 N.E. 400; *Campbell v. Bradford* (1906), 166 Ind. 451, 77 N.E. 849." *Id.* at 570–71, 106 N.E. 879.

The Indiana Supreme Court concluded that upon the death of the testator, the fee simple title to the land vested absolutely in the life tenant's children, subject to diminution to let in afterborn children. *Id.* at 576, 106 N.E. 879. This conclusion has been consistently upheld by Indiana court in factually similar cases. *See Aldred v. Sylvester*, (1915) 184 Ind. 542, 111 N.E. 914; *Moorman, supra; Busick v. Busick*, (1917) 65 Ind.App. 655, 115 N.E. 1025; *Coquillard v. Coquillard*, (1916) 62 Ind.App. 426, 113 N.E. 474.

■ The language of the devise in the will in *Alsman* and the facts of that case are strikingly similar to the instant one; therefore, we apply the holding of *Alsman* to the case herein. The remainder vested in Leona's children upon Emily's death in 1930. Such vesting was not contingent upon the childrens' out-living Leona.

Our conclusion is bolstered by a closer examination of Emily's will. Item 1, the devise to Leona and Item 3, the devise to Lowell, contain the same language, i.e., the said [name] to have a life estate in said farm with the remainder in fee simple to his surviving children. However, in the case of the devise to Lowell, Emily makes a provision for the situation in which Lowell dies without leaving children surviving:

"... in the event said Lowell M. Osborne dies without leaving children surviving, then the share herein devised to him and his children, I give and devise and it shall go to my children, Leona May Johnson and Elsa M. Hilligoss and their children."

■ In construing a will, the reviewing court should attempt to give effect to every provision thereof, and the will must not be interpreted to render any part of it meaningless, since it is presumed that every word is intended by the testator to have some meaning. *Diaz v. Duncan*, (1980) Ind.App., 406 N.E.2d 991. The fact that Emily specifically provided for the situation in which the children did not outlive their parent in Item 3 lends credence to the conclusion that Emily intended that the remainder interest of the grandchildren (Viola, Chlorine, and Dora) vest upon her death and not upon the life tenant's death. At the time of Emily's death, Leona's children were in their early twenties. There was ample opportunity for each child to have his or her own family. One may presume Emily did not intend that her potential great-grandchildren's fortunes rest solely upon the survival of their parents beyond Leona's lifetime. As stated in *Alsman*, "nothing in this will warrants the imputation to testator of an intent to make the fee simple title of this land a grand prize to the victor in his grand-children's race with death." *Alsman, supra*, 184 Ind. at 575, 106 N.E. 879.

The trial court did not commit error in granting summary judgment in favor of appellees.

A question remains, nevertheless, relative to the extent of Leona May Johnson's interest. The conclusion upon which this opinion is based is that Viola, Chlorine and Dora owned the fee, and upon their deaths, their mother, Leona May Johnson, inherited it and owned it at her death in 1981. The record implies that when Viola and Clorine died, their mother, brother and sister were their heirs. However, Dora died leaving a wife, Evelyn, surviving. The record does not account for that fragment of interest in the real estate. Therefore, this cause is remanded to the trial court with instructions to clarify the interests, and conduct a hearing thereon if necessary.

Judgment affirmed, and remanded with instructions.

RATLIFF, P.J., and ROBERTSON, J., concur.