ALLEN ET AL. *v.* McKEE.

[No. 18,956. Filed March 7, 1958.]

*Plummer & Plummer*, of Wabash, for appellants.

*Hanna & Small*, of Logansport, for appellee.

CRUMPACKER, J.—On April 8, 1897, George W. Bishop and Vora W. Bishop, husband and wife, were the parents of a daughter Lillian Myrtle McKee who was then the mother of two sons Harold B. McKee and Keith S. McKee. On said day the said George W. Bishop and Vora W. Bishop executed a warranty deed conveying 160 acres of farm land they then owned, the granting clause of which deed reads as follows: " . . . convey and warrant to Lillian Myrtle McKee for and during her natural life with remainder over to her children should they survive her, if none survive her, then to George W. Bishop or his heirs with the right to re-enter and take possession of the same . . . ."

Harold B. McKee died October 3, 1941, leaving sur-

viving as his sole heirs his widow Daisy G. McKee and one child Margaret Allen, an adult married woman. The life tenant named in said deed, Lillian Myrtle McKee, survived her son Harold by 10 years and died October 13, 1951. Her sole and only surviving child at the time of her death was Keith S. McKee.

Daisy G. McKee and Margaret Allen, Harold B. McKee's widow and daughter respectively, claiming to be the owners of an undivided one-half of the real estate conveyed by the Bishop deed above described, brought this suit against Keith S. McKee to partition the same. Keith S. McKee answered, claiming to be the fee simple owner of the entire tract of land and asked that his title thereto be quieted as against all claims of Daisy G. McKee and her daughter Margaret Allen. Upon the trial of these issues the court concluded that Daisy G. McKee and Margaret Allen have no interest whatever in the subject real estate; that Keith S. McKee is the fee simple owner thereof and is entitled to have his title thereto quieted and forever set at rest against any and all claims of the said Daisy G. McKee and Margaret Allen. Judgment went accordingly and Daisy G. McKee and Margaret Allen, by this appeal, challenge the validity of said judgment.

But one question is presented for our determination: Are the remainders, created by the Bishop deed in the children of the first taker Lillian Myrtle McKee, vested or contingent? If they are vested remainders the judgment must be reversed as under such circumstances Harold B. McKee's interest in the subject real estate was indestructible and passed to the appellants upon his death. If such remainders are contingent upon the takers thereof surviving the life tenant, then the judgment must be affirmed as under such circumstances all interest Harold B. McKee may have had terminated upon his failure to survive the life tenant Lillian Myrtle

McKee and the appellee, as the sole surviving child of said life tenant, took all.

A stupendous number of words have been written by text writers and courts for the purpose of distinguishing between vested and contingent remainders and out of it all there have emerged several well recognized and generally accepted tests. One of the most frequently cited is that expressed by Professor Gray: "A remainder is vested in A, when, throughout its continuance A, or A and his heirs, have the right to the immediate possession, whenever and however the preceding freehold estates may determine. A remainder is contingent if, in order for it to come into possession, the fulfilment of some condition precedent other than the determination of the preceding freehold estates is necessary." Gray, Rule against Perpetuities, §101 (4th Ed. 1942).

Restatement of Property, which has abandoned the term "contingent remainder" in favor of "remainder subject to a condition precedent," suggests the following test: "When a limitation creates a remainder and it is not possible to point to any person and to say such person would take, if all interests including a prior right to a present interest should now end, this remainder is subject to a condition precedent." 2 Restatement, Property (1936), §157, comment u. In general we think it may be said that the cases dealing with vested and contingent remainders may be classified as to whether the remainder is or is not to an ascertained person, and as to whether or not there are words of condition precedent in the granting clause, if the instrument in question be a deed. Without doubt if there are no words of condition and the remainder is in an ascertained person, it is vested.

Applying these tests to the instant case, George W.

Bishop and Vora W. Bishop, after conveying a life estate to their daughter Lillian, said, by the ■ deed in suit, "remainder over to her children should any survive her." This language is clear, plain, concise and unambiguous and leaves no room for the application of the rules of construction usually resorted to in the case of instruments of doubtful meaning. It is our opinion that the Bishop deed first carved a life estate out of the fee to the land involved and then granted the remainder to any child or children of the life tenant who might be alive at her death. Thus it is apparent that when the deed was made the remaindermen were unascertainable. Also it is apparent that those children of the life tenant, whether alive when the deed was executed or born subsequently, took only on condition that they survived the life tenant. Thus we have present in this case two generally recognized earmarks of a contingent remainder, to-wit, unascertained remaindermen and a condition precedent to the taking of the freehold. We think the following Indiana cases sustain this holding: *Hackleman* v. *Hackleman* (1928), 88 Ind. App. 204, 146 N. E. 590, 169 N. E. 539, and cases cited; *Schofield* v. *Green* (1944), 115 Ind. App. 160, 56 N. E. 506; *Rouse* v. *Paidrick* (1943), 221 Ind. 517, 49 N. E. 2d 528. Particularly we refer to *Leeds* v. *Leeds* (1945), 223 Ind. 593, 63 N. E. 2d 541, which seems to us to decide the precise question now before us adversely to the appellants' contentions.

Judgment affirmed.

NOTE.—Reported in 148 N. E. 2d 343.