TRUSTEESHIP OF CREECH ET AL. *v.* RUSSELLVILLE BANK, TRUSTEE, ET AL.

[No. 19,104. Filed June 19, 1959. Rehearing denied October 14, 1959. Transfer denied June 8, 1960.]

*Albert Stump, Byron Emswiller* and *Kivett, Bowen, Clancy & Smith*, all of Indianapolis, for appellants.

*Robert B. Harding, Carl F. Henthorn*, both of Crawfordsville, *B. Richard Creech*, of St. Charles, Missouri, and *J. Frank Durham*, of Greencastle, for appellees.

SMITH, J.—A petition was filed by the Russellville Bank, Trustee under the will of Georgia A. Clore, deceased, for the construction of certain trust provisions of her will. The issues were formed upon the following pleadings: petition of the Russellville Bank as Trustee; the response to said petition filed by the appellants Georgia Servies, Emma Jack Conrad and Withrow Clore; the answer of the appellee, Brevator J. Creech, and his reply to the response of the appellants; and the reply of the appellants to the answer of Brevator J. Creech.

Trial was had to the court upon the issues thus formed and the court rendered a judgment for the appellee, Brevator J. Creech, a portion of which judgment reads as follows:

"(1) That the said will as to Items 12 and 13 be and hereby is construed to create a vested remainder in Wheeler Creech as respects the trust created thereby or referred to therein with the right in the said Wheeler Creech to assign his interests therein; (2) That the said Wheeler Creech has made a valid assignment for value received to Brevator Creech for his interest in the said remainder and that said assignment is effective in law; (3) That Georgia Servies, Emma Jack Conrad and Withrow Clore take nothing by reason

of their response to the petition of the trustee or by reason of their reply to the answer of Brevator J. Creech to the petition of the trustee; (4) That Brevator J. Creech is entitled to the remainder of the said trust granted in the said will now in the possession and custody of said trustee; (5) That the final account of the trustee be and is approved and the said trustee is hereby ordered and directed to pay to Brevator J. Creech and account to him for all the remainder in the said trust. . . ."

From this judgment an appeal was taken. The appellants assigned as errors the overruling of the motion for a new trial; the decision is contrary to law; the judgment is contrary to law; the decision is not sustained by sufficient evidence; and the judgment is not sustained by sufficient evidence.

The facts were all stipulated by and between the parties and are substantially as follows:

Georgia A. Clore died testate on April 22, 1938. At the time of her death she was a resident of and domiciled in Montgomery County, Indiana. Her will was duly probated and an executor appointed and qualified on the 26th day of April, 1938. The administration of the estate was completed and the executor was discharged on May 3, 1940. The testatrix left surviving her no parents and no descendants. By the provisions of her last will and testament, after making certain general and specific bequests and devises, she, by Item 12 of said will, made a bequest and devise in trust to the Russellville Bank of Russellville, Indiana, in the amount of $5,000.00 for the benefit of her niece, Anna K. Creech, and her son, Wheeler Creech. Item 12 reads as follows:

"Item 12. I give devise and bequeath to Russellville Bank of Russellville, Indiana, as Trustee, the sum of Five Thousand Dollars, to be held, managed

and controlled, invested and controlled, invested and reinvested by said Bank for the use and benefit of my niece Anna Knox Creech. The said Trustee shall rent, manage, and control, invest and reinvest said property and the proceeds thereof, and pay the net income annually or semiannually for the maintence and support of my said niece. So much of said annual or semiannual income, as in the judgment and discretion of said trustee, is not necessary and required for her support and maintenance shall be retained by said trustee until said time as the same may be required for her support. Said trustee is hereby authorized and directed, if in its judgment, it is for the best interest of my said niece to turn over and deliver to her, the whole or such portion of such property as my said trustee, in its discretion, may deem best for her use and benefit, and upon the delivery of all of said property to my said niece, by said trustee, in its judgment and discretion as aforesaid, then said trust shall cease and determine. Provided, however, that in the event my said niece shall die prior to the termination of this trust, either by exhaustion of the funds thereof, or upon the said trustee terminating the same by the delivery of said property, as contemplated, then and in that event, the property, real and personal remaining in said trust undisposed of by my said trustee, I give and devise to Wheeler Creech, the son of said Anna Knox Creech."

Item 13 of the will of the deceased disposes of the rest and residue of her estate to certain relatives, some of whom are the appellants in this case. Item 13 reads as follows:

"Item 13. All the rest, residue and remainder of my estate, real, personal, or mixed, I give, devise and bequeath to said Ella Clore, Georgia Servies, Emma Jack, Anna West, Bettie Hagey, Withrow Clore, Harry Clore, and Russellville Bank of Russellville, Indiana, Trustee of Anna Knox Creech, share and share alike. The portion herein going to said Russellville Bank, Trustee, to be held, controlled and used by said trustee upon the same

terms and conditions as provided in Item 12 hereinbefore set out."

The personal representative of the estate of Georgia A. Clore upon the approval of the final report in her estate on May 3, 1940, distributed the $5,000.00, as provided in Item 12 and a one-sixth interest in the residue as provided in Item 13, to the Russellville Bank as Trustee, and the Trustee administered the trust without interruption until the death of the beneficiary, Anna Knox Creech on December 22, 1955, when the same terminated in accordance with the terms of the trust. The corpus of the trust was not exhausted by payments to Anna Knox Creech and the corpus as a whole was never paid to her by the Trustee. Anna Knox Creech and her son, Wheeler Creech, both survived the testatrix, Georgia A. Clore — Anna Knox Creech died December 2, 1955, and Wheeler Creech died June 15, 1949. On August 16, 1940 (while trust was still in existence) Wheeler Creech (son of Anna Knox Creech and remainder beneficiary) assigned all of his right and interest in the trust and trust property to his brother Brevator J. Creech for a valuable consideration. The assignment was in writing and its propriety or form is not questioned. Upon the death of Anna Knox Creech (and termination of trust) Brevator J. Creech claimed the property in trust by virtue of said assignment, and the appellants claimed the trust property by virtue of their being the residuary legatees under the will of Georgia A. Clore, testatrix, and creator of the trust.

This Court has had some difficulty in determining what exactly are the contentions of the appellants. Nowhere in the appellants' brief do we find them concisely and clearly stated. As near as the court can determine, the appellants' contention is that the assign-

ment by Wheeler Creech to his brother, Brevator J. Creech, of his alleged interest in the trust and trust property was illegal and void for several reasons.

(1) The appellants contend that Wheeler Creech, the "remainder beneficiary" under the trust created by the will of the testatrix, Georgia A. Clore, did not acquire a vested, fixed or real interest in the trust or trust property upon the death of the testatrix and the probate of her will on April 26, 1938; and that the interest acquired by him on that date was a contingent, nebulous and valueless interest. In support of this contention, the appellants say that he (Wheeler Creech) could only acquire a vested interest in the trust property upon the death of Anna Knox Creech, the life beneficiary; and inasmuch as he died before the life beneficiary, he never acquired a vested interest and never had anything but a contingent interest and therefore his assignment of interest to his brother was a legal nullity.

The law in Indiana favors the early vesting of an estate. It is the date of the death of the testator and not the date of the death of the first taker, or life beneficiary, that governs and determines the time of the vesting, as well as the quality or character of the interest of the remainder beneficiary. The well settled rule of law on this point is in substance that when a person by will devises property in trust to a trustee with directions to pay the income and a part or all of the corpus to a beneficiary during his life and upon his death the trust property remaining in the trust, if any, is to go to a remainder beneficiary (there being no provision in the will that the remainder beneficiary shall take only upon his surviving the life tenant), such remainder beneficiary receives a vested interest in the trust and trust property immediately

upon the death of the testator and the probate of his will. *Heilman* v. *Heilman* (1891), 129 Ind. 59, 28 N. E. 310; *Aldred* v. *Sylvester* (1916), 184 Ind. 542, 111 N. E. 914; *Busick* v. *Busick* (1917), 65 Ind. App. 655, 115 N. E. 1025; see also *Gavit Future Interests*, 3 I. L. J. 628; 114 A. L. R., 11n, 26n, 36n.

(2) The appellants contend further that the assignment was illegal and void for the reason that, by the provisions of the trust, the trustee could disburse all of the trust property to the life beneficiary in its discretion and there well could be nothing left to distribute to Wheeler Creech, the remainder beneficiary, upon the death of Anna Knox Creech, the life beneficiary; and therefore this makes the interest of Wheeler Creech uncertain and contingent. The appellants claim that he could not legally assign something that he might never possess.

The amount, if any, that Wheeler Creech might receive out of the trust *and the time he might receive it was contingent and uncertain but his right to receive it was not.* It was fixed and vested and was a property right and therefore he could sell, devise, assign or dispose of this right to whomever he pleased and for any consideration that he chose. His possession or enjoyment of the interest might be postponed, delayed or never come to pass, but his right to it, if it did ever materialize, was as sure and certain as anything in law. *Heilman* v. *Heilman, supra; Summers* v. *Old-First Natl. Bank & Trust Co., Tr.* (1938), 105 Ind. App. 9, 13 N. E. 2d 320; see also §§157, 162, 163 *Property (Future Interests) Restatement of the Law*.

(3) The appellants further contend that the assignment made by Wheeler Creech was illegal and void for the reason that a vested remainder may only arise in

the case of real estate and must always be preceded by a life estate. Apparently the appellants are claiming that there can be no vested interest in personal property and that no future interest can be created therein by a trust instrument.

A vested interest under a trust is established by the same general principles as apply to the common law life estate. The character of the corpus—real, personal, tangible, or intangible, is immaterial. The use of a trustee as a method of conveyance does not affect the rule regulating the time of the vesting of the estate in the remainder beneficiary. The preference of the law for an early vesting would govern. When property is delivered over to a trustee, whether by virtue of a trust agreement or a testamentary devise, the trustee takes the *legal title* to the property and the cestui que trust or beneficiary takes the *equitable* title. Both have a property interest recognized by law. Where the trust provides that the trustee shall hold and manage the property and pay the income derived therefrom and a part or all of the corpus in its discretion to one beneficiary for life and the remainder, if any, to a remainder beneficiary upon the death of the first beneficiary, both the first beneficiary and the remainder beneficiary, upon the activation of the trust, acquire an interest and one that can be assigned by either beneficiary. *Richardson, et al.* v. *Chastain, et al.* (1953), 123 Ind. App. 444, 111 N. E. 2d 831; see also §163 *Restatement of the Law, Property (Future Interests).*

(4) Appellants also contend that the assignment was illegal and void for the reason that the devise of the remainder interest in the trust after the death of Anna Knox Creech, the life beneficiary, was to *Wheeler Creech.* That there were no words equivalent to "or his

heirs" following the named remainderman. That a vested interest does not arise or is not acquired by the remainderman in the trust property unless such equivalent words follow the name of the remainderman in the creating instrument.

The appellants base this contention on the Rule announced in Shelley's case. It is the opinion of this Court that the Rule in Shelley's case has no application to the case at bar because the Rule applies only to *real property*. The trust property in this case was entirely personal property and no real property was ever involved. The common law rule, that a deed gave but a life estate unless words of limitation were used, has been abolished in the State of Indiana, and it never did apply to personal property. The present rule with respect to devises apparently is that regardless of words (unless they are absolute) the intention of the testator will govern. *Allen et al.* v. *McKee* (1958), 128 Ind. App. 329, 148 N. E. 2d 343; see also *Henry's Probate Law*, Vol. 2, §9, pp. 1108 to 1129.

Judgment affirmed.

Gonas, C. J., Kelley and Bierly, JJ., concur.

NOTE.—Reported in 159 N. E. 2d 291.