George Robert BREEZE, Trustee of Paul E. Breeze Living Trust, Jennifer Lynn Holder, Bruce Breeze, Carolyn Breeze, Paul Edward Breeze and John Carey Breeze, Appellants (Defendants Below),

v.

Imogene BREEZE (Lofton), Appellee (Plaintiff Below).

No. 1–579–A–146.

Court of Appeals of Indiana, First District.

Dec. 2, 1981.

Rehearing Denied Jan. 6, 1982.

Otis B. Allyn and David O. Givens, Allyn & Givens, Mount Vernon, for appellants.

Claude Bates, Bates Law Office, Evansville, S. Anthony Long, Phillips & Long, a Professional Corp., Boonville, for appellee.

ROBERTSON, Judge.

George R. Breeze, trustee of the Paul E. Breeze Living Trust, appeals the decision of the trial court which subjected the assets of the trust to the claims of Imogene Breeze Lofton (Lofton),[1] the widow of Paul E.

---

1. Imogene Breeze Lofton remarried after the death of Breeze.

Breeze (Breeze). The trial court found that the trust had been revoked by the action of Breeze as trustee.

We reverse.

The facts disclose that Breeze contacted his attorney prior to marriage to Lofton. Breeze intended to marry Lofton but he had reservations about her four prior marriages. Breeze expressed a desire for his farms to pass to his nieces and nephews at his death, but he also wanted to retain the property during his lifetime and to be able to revoke the trust. In order to accomplish this, Breeze established an inter vivos trust, the Paul E. Breeze Living Trust (trust). Breeze named himself as trustee and transferred his property to the trust. The transfer was duly recorded. Under the trust's provisions, the trustee was directed to pay the grantor as much of the farm income as the grantor desired, and at his death, George Breeze would succeed as trustee. The trust income and corpus were to be distributed to the nieces and nephews within three years after Breeze's death.

Breeze died intestate on January 9, 1974, and George Breeze assumed the duties as trustee. Lofton petitioned to open the estate and filed a complaint against the trust alleging fraud. She requested a partition and an accounting of the trust property. The trial court concluded that the trust was a valid and existing trust, but that Breeze did not act in the capacity as trustee. The trial court further concluded that Breeze was in effect the individual owner of the property and that as a result of his failing to fulfill his duties as trustee, the entire equitable interest in the real estate vested in Breeze individually sometime during his lifetime. The trial court found that Breeze was the sole beneficiary of the trust and that the attempt to divest himself of ownership was ineffective because of his activities as trustee. The effect of the trial court's decision was that the trust property was to be included in the estate of Breeze, thus subject to the claims of Lofton.

On appeal, the trust argues the trial court erred in determining that Breeze was the sole beneficiary of the trust, that Breeze acted improperly as trustee, that the trust was revoked, and that Breeze failed to act in a fiduciary capacity. The trust also challenges the trial court's order that the assets of the trust belonged to the estate because the estate was not a party to the lawsuit.

Lofton submitted evidence that Breeze failed to act in a fiduciary capacity. She presented evidence showing that Breeze received the trust income individually and not as trustee, that Breeze's creditors and accountant did not know about the trust and that Breeze did not file separate tax returns for himself and the trust. Lofton's evidence attempted to prove that Breeze treated the property as his own and failed to follow formal trust guidelines. The essence of Lofton's argument is that the trust was revoked by Breeze's failure to follow formal procedures in the operation of the trust.

■ It must be noted that Lofton did not challenge the trial court's finding that Breeze established a valid trust. Any subsequent error raised in regards to this finding has been waived. *State Farm Mutual Automobile Insurance Co. v. Price*, (1979) Ind.App., 396 N.E.2d 134.

■ The trust correctly argues the trial court erred in determining that Breeze was the sole beneficiary of the trust. The nieces and nephews of Breeze were vested remainder beneficiaries of the trust. In *Trusteeship of Creech v. Russellville Bank*, (1959) 130 Ind.App. 611, 159 N.E.2d 291, this court discussed vested remainder beneficiaries and stated:

The use of a trustee as a method of conveyance does not affect the rule regulating the time of the vesting of the estate in the remainder beneficiary. The preference of the law for an early vesting would govern. When property is delivered over to a trustee, whether by virtue of a trust agreement or a testamentary devise, the trustee takes the *legal title* to the property and the cestui trust or beneficiary takes the *equitable* title. Both have a property interest recognized by law. Where the trust provides that the

trustee shall hold and manage the property and pay the income derived therefrom and a part of all of the corpus in its discretion to one beneficiary for life and the remainder, if any, to a remainder beneficiary upon the death of the first beneficiary, both the first beneficiary and the remainder beneficiary, upon the activation of the trust, acquire an interest and one that can be assigned by either beneficiary.

130 Ind.App. 619, 159 N.E.2d 295.

It is apparent that the nieces and nephews of Breeze were beneficiaries of the trust.

■■■ We cannot accept Lofton's argument that Breeze revoked the trust by failing to follow formal procedures as trustee. Breeze specifically retained the power to revoke the trust, however, no evidence has been presented to establish that Breeze ever manifested an intent to revoke. The trust instrument did not contain any provisions establishing requirements for revocation. Lofton argues that since Breeze maintained many capacities with the trust, it would have been absurd for Breeze to make a formal written revocation of the trust, such as Breeze, as settlor, writing to Breeze as trustee. While we agree in principle that it may have not been necessary for Breeze to follow formal guidelines to revoke the trust, we believe that there must have been some manifestation of an intent to revoke.

> Where the settlor reserves the power to revoke the trust but no method of revocation is specified, *the power of revocation can be exercised in any manner which sufficiently evidences the intention of the settlor to revoke the trust.* (Emphasis added.)

IV Scott on Trusts § 330.7 at 2605 (1967).

Our opinion is consistent with the position taken in the Restatement (Second) of Trusts, which provides:

> If the settlor reserves a power to revoke the trust but does not specify any mode of revocation, the power can be exercised in any manner which sufficiently manifests the intention of the settlor to revoke the trust.

> Any definitive manifestation by the settlor of his intention that the trust should be forthwith revoked is sufficient.

Restatement (Second) of Trust § 330, Comment *i,* (1957).

In the present case, there is no evidence that Breeze ever manifested an intent to revoke the trust. Without a demonstration of such manifestation, the trial court erred in determining the trust was revoked. Breeze's inability to fulfill his duties as trustee may have been grounds for his removal as trustee, but it was not grounds to find the trust was revoked.

The case is reversed and remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

NEAL, P. J., and RATLIFF, J., concur.