Misty LEWIS, Appellant–Plaintiff,

v.

Ginger CLIFTON, Appellee–Defendant.

No. 57A04–0504–CV–199.

Court of Appeals of Indiana.

Nov. 22, 2005.

Neal Lewis, Lewis & Associates, Orland, for Appellant.

Michael E. Armey, Warsaw, for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Misty Lewis appeals the trial court's grant of summary judgment in favor of Ginger Clifton. We reverse and remand.

### Issue

We restate the issue presented as whether the trial court erred by granting summary judgment in favor of Ginger.

### Facts and Procedural History

On July 14, 1997, David Clifton established the David Clifton Irrevocable Family Trust, the Family Bypass Trust, and the Child's Trust pursuant to a signed declaration of trust (the "Declaration"). Appellant's App. at 17–33. David died on October 2, 1997. David's second, childless wife, Ginger, was appointed as successor trustee to the Irrevocable Family Trust, with the written consent of David's daughter Misty, and Misty's two stepsisters, Tracie Boyd and Lori Knoll. Ginger, as trustee, received trust estate assets valued at $86,000. As directed by the Declaration, she paid $45,000 to Misty and $600 in attorney fees, and then she distributed the remaining amount of the trust estate—$40,400—to the Family Bypass Trust.

The Declaration names Ginger as the sole income beneficiary and sole principal beneficiary of the Family Bypass Trust. According to the Declaration, upon Ginger's death, the trust estate shall be distributed to the Child's Trust, and "the Trustee shall divide such property into three (3) equal shares one share each to be distributed to [Misty, Tracie, and Lori]." *Id.* at 20. The Declaration further states:

5.3 *Distribution of Equal Shares:* The Trustee shall distribute one equal share as designated to:

> 5.3.1 Misty L. Lewis one share outright in fee simple. Should Misty L. Lewis not be living at the time this distribution is made then the Trustee shall distribute this share to the then living [descendents] of Misty L. Lewis by right of representation. Should no [descendents] of Misty L. Lewis survive then this share shall be divided equally between the remaining two shares under this article.

*Id.*

On December 13, 2000, and March 1, 2002, Misty submitted written requests to Ginger for an accounting of the trust estate, which Ginger refused. By letter dated March 19, 2002, Ginger's counsel advised Misty's counsel that "we are not

going to provide an accounting or any other documentation to your client. As a remainder beneficiary, I do not believe that she is entitled to an accounting unless the trust instrument provides otherwise." *Id.* at 39.

On October 11, 2002, Misty filed suit against Ginger in the LaGrange Circuit Court, requesting the trial court to order Ginger to provide Misty with an accounting of the trust estate, to undertake proceedings to determine whether Ginger should be removed as trustee, and "to determine all damages, remedies, and legal fees to which Misty Lewis shall be entitled based on the breaches of duties by Ginger Clifton as Trustee." *Id.* at 83–85. By agreed order, the case was transferred to Noble Circuit Court on November 25, 2002. On May 15, 2003, Misty filed a motion for partial summary judgment, in which she asked the trial court to determine her status as a vested beneficiary of the Irrevocable Family Trust, entitling her to certain rights and remedies set forth in the Indiana Trust Code. For example, under Indiana Code Section 30–4–3–6, the trustee has a duty to "give the beneficiary complete and accurate information concerning any matter related to the administration of the trust and permit the beneficiary or the beneficiary's agent to inspect the trust property, the trustee's accounts, and any other documents concerning the administration of the trust."[1] On June 27, 2003, Ginger filed a memorandum in opposition to Misty's motion for summary judgment. On July 16, 2003, the trial court denied Misty's motion for summary judgment, finding as follows:

1. [Ginger] is a beneficiary of the Trustee of the David Clifton Irrevocable Family Trust.

2. Until [Ginger's] death, no funds transfer into the Child's Trust, established under Article 5 [of the Declaration].

3. [Misty's] portion of the Child's Trust does not vest until funded after [Ginger's] death and until such event, [Misty] is a contingent beneficiary.

4. [Misty] remains protected from any dissipation of trust assets, as [Ginger] cannot invade the corpus without the consent of the Court.

5. Motion for Summary Judgment is *denied.*

*Id.* at 6. On March 15, 2005, the trial court issued the following order, stating in pertinent part:

Upon notice by the parties, the Court now *sua sponte* amends its Order of July 16, 2003 in this cause pursuant to Trial Rule 54(B) and Trial Rule 56, and grants Summary Judgment in favor of [Ginger] on the same basis as identified in the July 16, 2003 Order which is incorporated by reference here, and this Court further determines that there is no just reason for delay and expressly directs the entry of final judgment in favor of [Ginger] and against [Misty] such that an appeal may be taken upon issues resolved by the judgment.

*Id.* at 5. Misty now appeals.

### Discussion and Decision

Summary judgment is appropriate only if there is no evidence of a genuine

---

**1.** The Trust Code's definition of "beneficiary" includes "an income beneficiary, and a remainder beneficiary." Ind.Code § 30–4–1–2(3) (citing Ind.Code § 30–2–14–2). Another term for "remainder beneficiary" is "remainderman," which is defined by the Trust Code as "a beneficiary entitled to principal, including income which has been accumulated and added to the principal." Ind.Code § 30–4–1–2(15). As discussed further below, it appears that in order to be considered "entitled to principal," and thus entitled to the rights and remedies of a "beneficiary" under the Trust Code, a remainder beneficiary must have a vested interest in the trust estate.

issue of material fact for trial and the moving party is entitled to judgment as a matter of law. However, summary judgment is inappropriate if any material facts are in dispute or even if undisputed facts could "lead to conflicting material inferences." Additionally, when a party files a motion for summary judgment, that movant bears the risk of entry of summary judgment in favor of the non-movant, even though the non-movant has not filed a cross-motion for summary judgment. Ind. Trial Rule 56(B). *Shah v. Harris,* 758 N.E.2d 953, 955 (Ind. Ct.App.2001) (some citations omitted).

■ Misty contends that she has held a vested remainder interest in the trust estate since the Declaration was executed. Ginger argues, and the trial court agreed, that Misty's interest in the trust estate will not vest until Ginger's death, because that is when the corpus will pass to the Child's Trust. The trial court found that "[Misty's] portion of the Child's Trust does not vest until funded after [Ginger's] death and until such event, [Misty] is a contingent beneficiary." Appellant's App. at 6.

■ A remainder is "[a] future interest arising in a third person—that is, someone other than the estate's creator, its initial holder, or the heirs of either—who is intended to take after the natural termination of the preceding estate." BLACK'S LAW DICTIONARY 1317–18 (8th ed.2004). A remainder is vested when there is a present fixed right of future enjoyment; in other words, it is given to an ascertained person and is not subject to a condition precedent. *Id.* at 1318; *Bailey v. Bailey,* 142 Ind.App. 119, 127, 232 N.E.2d 372, 378 (1967). A contingent remainder is merely the possibility or prospect of an estate which exists when what would otherwise be a vested remainder is subject to a condition precedent, or is given to an uncertain person or persons.

*Richardson v. Chastain,* 111 N.E.2d 831, 833, 123 Ind.App. 444, 449 (1953).

■ "In construing a trust instrument, the primary objective is to ascertain and carry out the settlor's intent. If the settlor's intent is clear from the plain language of the instrument and not against public policy, we must give effect to that intent." *Goodwine v. Goodwine,* 819 N.E.2d 824, 829 (Ind.App.2004) (citation omitted). Also, we note that Indiana law favors the early vesting of an estate. *Trusteeship of Creech,* 130 Ind.App. 611, 617, 159 N.E.2d 291, 295 (1959). "It is the date of the death of the testator and not the date of the death of the first taker, or life beneficiary, that governs and determines the time of the vesting, as well as the quality or character of the interest of the remainder beneficiary." *Id.*

Whether a remainder is vested or contingent depends upon the language employed. If the conditional element is incorporated into the description of, or the gift to the remainder-man, then the remainder is contingent; but if, after words giving a vested interest, a clause is added divesting it, the remainder is vested. Thus, on a devise to A. for life, remainder to his children, but if any child dies in the lifetime of A., his share to go to those who survive, the share of each child is vested, subject to be divested by his death. But on a devise to

A. for life, remainder to such of his children as survive him, the remainder is contingent.

John Chipman Gray, THE RULE AGAINST PERPETUITIES, 66 (1886). Here, the clause regarding Misty's share of the Child's Trust first states that Misty is entitled to "one share outright in fee simple." Appellant's App. at 20. The next sentence of the clause explains what will happen to Misty's share if she is "not ...

living at the time this distribution is made." *Id.* Therefore, this language creates a vested interest subject to a condition subsequent; in other words, Misty's fee simple interest is vested subject to divestment if she should predecease Ginger.

Ginger argues that Misty does not in fact hold a vested interest in the trust estate because Misty is a beneficiary of the separate Child's Trust, which currently contains no assets. It is true that the corpus of the trust estate is currently held in the Family Bypass Trust, of which Ginger is trustee, sole income beneficiary, and sole principal beneficiary. Upon Ginger's death, any assets remaining in the Family Bypass Trust will be distributed to the Child's Trust. If Ginger exhausts the contents of the Family Bypass Trust, then the Child's Trust will remain empty, as it has no other source of funds. Ginger argues that Misty is not a beneficiary of the Family Bypass Trust, where the corpus currently resides, and that Misty's interest in the trust estate will vest if and only if the Child's Trust is funded after Ginger's death. We disagree.

Although David created three separate trusts, the sole source of funds for each trust is the trust estate that originally funded the Irrevocable Family Trust. After the payment of attorney fees and a specific distribution to Misty, the balance of the trust estate was distributed to the Family Bypass Trust, and upon Ginger's death, any remainder will be distributed to the Child's Trust. Thus, the practical effect is the same as if Clifton had created one trust, with Ginger as life beneficiary and Misty and her stepsisters as remainder beneficiaries.

Our research revealed no Indiana cases addressing the specific issue of separate trusts that arises in this case. We do, however, find guidance in our decision in *Creech.* In that case, Georgia Clore, in her will, made a bequest and devise in trust as follows:

> Item 12. I give devise and bequeath to Russellville Bank of Russellville, Indiana, as Trustee, the sum of Five Thousand Dollars, to be held, managed and controlled, invested and controlled, invested and reinvested by said Bank for the use and benefit of my niece Anna Knox Creech. The said Trustee shall rent, manage, and control, invest and reinvest said property and the proceeds thereof, and pay the net income annually or semiannually for the maintence [sic] and support of my said niece. So much of said annual or semiannual income, as in the judgment and discretion of said trustee, is not necessary and required for her support and maintenance shall be retained by said trustee until said time as the same may be required for her support. Said trustee is hereby authorized and directed, if in its judgment, it is for the best interest of my said niece to turn over and deliver to her, the whole or such portion of such property as my said trustee, in its discretion, may deem best for her use and benefit, and upon the delivery of all of said property to my said niece, by said trustee, in its judgment and discretion as aforesaid, then said trust shall cease and determine. Provided, however, that in the event my said niece shall die prior to the termination of this trust, either by exhaustion of the funds thereof, or upon the said trustee terminating the same by the delivery of said property, as contemplated, then and in that event, the property, real and personal remaining in said trust undisposed of by my said trustee, I give and devise to Wheeler Creech, the son of said Anna Knox Creech.

130 Ind.App. at 614–15, 159 N.E.2d at 293–94. Similar to Ginger in the instant case,

the appellants in *Creech* argued that Wheeler Creech did not acquire a vested, fixed, or real interest in the trust property upon Georgia's death, but rather that the interest acquired by him on that date was a "contingent, nebulous and valueless interest." *Id.* at 617, 159 N.E.2d at 294. The appellants contended that Wheeler could acquire a vested interest in the trust property only upon the death of the life beneficiary, Anna. They further argued that his interest was uncertain and contingent because Anna might exhaust the trust property so that nothing would be left to distribute to Wheeler as remainder beneficiary.

We rejected appellants' arguments, stating:

> The amount, if any, that Wheeler Creech might receive out of the trust *and the time he might receive it was contingent and uncertain but his right to receive it was not.* It was fixed and vested and was a property right and therefore he could sell, devise, assign or dispose of this right to whomever he pleased and for any consideration that he chose. His possession or enjoyment of the interest might be postponed, delayed or never come to pass but his right to it, if it did ever materialize, was as sure and certain as anything in law.

*Id.* at 618, 159 N.E.2d at 295 (citations omitted).

Following this reasoning, we reach the same conclusion in the instant case. Clifton devised to Misty a share of the remainder of the trust estate, to be distributed only upon the death of Ginger. Although the amount of her share and the time she might receive it were contingent, her right to receive the property is not.

Our review of caselaw from other jurisdictions reveals similar conclusions in cases involving trusts created to hold property remaining in the trust estate following the death of a life beneficiary. For example, the Iowa Supreme Court heard a case in which the testator provided that his wife Edel would receive a life estate in all of his property, and that upon her death the remainder of the estate was to be divided into equal shares for his children. *See In the Matter of the Estate of Hans Johnson*, 387 N.W.2d 329 (Iowa 1986). The share of one child, Robert, was to be placed in a spendthrift trust. No trust was ever funded for Robert because he predeceased the life tenant. The Iowa Supreme Court held that "[t]he vesting of Robert's interest was not delayed. There was only a postponement of the trustee's possession pending expiration of Edel's life estate." *Id.* at 333. The court looked to the intent of the testator, determining that he intended for Robert to have an equal share of his estate, and that therefore, Robert had received a vested remainder interest immediately upon the testator's death. Therefore, the Iowa Supreme Court found that Robert's interest passed to his brother Dennis under the terms of Robert's will, by which he left to Dennis "all of the property, whether real, personal or mixed, or whatsoever character and wheresoever situate[d], of which I may die seized or possessed, in fee simple and with absolute power of disposition." *Id.* at 331–32.

The Colorado Supreme Court has also addressed a similar issue. *See In re Question Submitted by the United States Court of Appeals for the Tenth Circuit*, 191 Colo. 406, 553 P.2d 382 (1976). There, the court was asked to determine the type of interest held by the testator's son. The testator had died, leaving a portion of his estate to a bank to be divided into several trust funds. He designated one fund to provide his wife with income for life. Upon her death, that fund was to terminate, with three-fourths of the remaining principal

and income to form the corpus of a trust for the son's benefit. The court stated in pertinent part:

> [I]t is obvious that testator desired to provide both for his widow and for his son. To his widow he left a life estate in the trust property in her name; to his son, he left a remainder over at her death. Thus, at the very moment of testator's death, the life estate was vested in the widow, as was the remainder in the son.

*Id.* at 384.

In sum, we find that the Declaration reveals David's intent to provide for Ginger, and for Misty, Tracie, and Lori. In this case, the fact that he created separate trusts does not contradict that intent. Therefore, upon his death, a life estate was vested in Ginger, and a remainder interest was vested in Misty and her stepsisters. We hereby reverse the trial court's entry of summary judgment in favor of Ginger and remand for further proceedings consistent with this opinion.

Reversed and remanded.

NAJAM, J., and BARNES, J., concur.