**Lloyd N. HUFF, as Trustee of The Elihu W. Huff Trust, Lloyd N. Huff as Beneficiary of the Elihu W. Huff Trust and Edith Ham, By Her Duly Authorized Attorney–In–Fact, John Ham, as Beneficiary of the Elihu W. Huff Trust, Appellants/Plaintiffs,**

v.

**Maxine HUFF**

and

**In the Matter of the Supervised Administration of the Estate of Wayne E. Huff, Deceased Appellees/Defendants.**

No. 77A01–0803–CV–101.

Court of Appeals of Indiana.

Aug. 29, 2008.

Jeffrey B. Kolb, Emison Doolittle Kolb & Roellgen, Vincennes, IN, Attorney for Appellants.

Jennifer J. Hawkins, Hawkins Law PC, Sullivan, IN, Attorney for Appellees.

## OPINION

BROWN, Judge.

Lloyd N. Huff, as trustee of the Elihu W. Huff Trust, Lloyd N. Huff, as beneficiary of the Elihu W. Huff Trust, and Edith Ham, now deceased, by her duly authorized attorney-in-fact, John Ham, as beneficiary of the Elihu W. Huff Trust (collectively "Beneficiaries"), appeal the trial court's grant of summary judgment to Maxine Huff and the Estate of Wayne Huff ("Wayne's Estate"). The Beneficiaries raise three issues, which we consolidate and restate as whether the trial court erred by granting in part the motion for summary judgment filed by Maxine and Wayne's Estate. On cross appeal, Maxine and Wayne's Estate raise two issues, which we consolidate and restate as whether the Beneficiaries' remaining claims against Wayne's Estate are barred by the doctrines of laches and estoppel.[1] We reverse and remand.

---

1. We respectfully remind the Beneficiaries that a copy of the order appealed from should have been attached to their appellate brief. *See* Ind. Appellate Rule 46(A)(10).

The relevant facts follow. On May 12, 1981, Elihu W. Huff executed the Elihu W. Huff Revocable Living Trust Agreement ("Elihu Trust") naming his son, Wayne E. Huff, as Trustee. Elihu conveyed two parcels of real estate to the trust: one parcel consisting of roughly forty-five acres and another, smaller parcel containing Elihu's residence. By the terms of the trust agreement, Wayne was authorized to manage the trust principal and pay income at least annually to Elihu. Upon Elihu's death, the trust was to terminate with the principal to be divided equally among Elihu's children, Wayne, Edith, Lloyd, and Lucille Stewart.[2]

On December 2, 1985, Wayne, as Trustee of the Elihu Trust, conveyed the forty-five acre parcel to himself and his wife, Maxine, "in consideration of the sum of one dollar . . . and other valuable consideration." Appellant's Appendix at 64. On March 13, 1997, Elihu died. At his death, the only remaining asset in the trust was Elihu's residence, which Wayne sold to his daughter, Pamela S. Irvin, at a public auction in September 1997. From the $17,633.69 net proceeds from this sale, Wayne paid Elihu's funeral expenses and one of Elihu's creditors and put the rest, $11,575.19, in a non-interest bearing checking account. Wayne died on June 2, 2005, without ever having distributed the trust assets to the beneficiaries.

On January 17, 2006, the trial court appointed Pamela as personal representative of Wayne's Estate and, on January 25, 2006, appointed Lloyd as successor trustee of the Elihu Trust. On January 26, 2006, the Beneficiaries filed a complaint against Wayne's Estate for breach of trust and fraud concerning Wayne's 1985 conveyance of the forty-five acre parcel as well as Wayne's failure to distribute the net proceeds from the sale of the residence after

Elihu's death in 1997. The Beneficiaries also filed a complaint against Maxine seeking to impose a constructive trust on the forty-five acre parcel. The trial court consolidated the two actions, and, on May 17, 2006, Maxine and Wayne's Estate filed a motion for summary judgment arguing that the statute of limitations barred the Beneficiaries' claims. After a hearing, on May 17, 2007, the trial court granted the motion in part and entered the following order:

\*    \*    \*    \*    \*    \*

15. More than twenty (20) years have passed since the alleged breach, the Real Estate Conveyance, occurred.

16. More than nine (9) years have passed since Elihu W. Huff's death.

17. The applicable statute of limitations for breach of trust is two (2) years.

18. The applicable statute of limitation for fraud is six (6) years.

19. The [Beneficiaries] have presented no facts sufficient to toll the statute of limitation in this case with respect to the real estate transaction of December 2, 1985.

20. The [Beneficiaries'] Complaints are barred by the statute of limitations as to the real estate transaction.

21. There are no genuine issues of material fact as to the real estate transaction in 1985, and, therefore, the Estate is entitled to a partial summary judgment as a matter of law regarding the 1985 real estate transaction.

22. There remain genuine issues of material fact as to whether Wayne Huff breached his duties as Trustee by failing to distribute the corpus of the trust following the death of [Elihu] and failing to invest said

---

2. Lucille Stewart is not a party to this cause.

proceeds in an account other than an interest bearing account and, therefore, the Summary Judgment Motion is denied with respect to those issues in the Estate Claim action....

23. There is no genuine issue of material fact and Defendant Maxine Huff is entitled to judgment as a matter of law with respect to [the action against Maxine].

Appellant's Appendix at 13–14. Thus, the Beneficiaries' only remaining claim after the trial court granted the motion for summary judgment in part was against Wayne's Estate for breach of trust concerning Wayne's failure to distribute the corpus of the Elihu Trust after Elihu's death in 1997.

The Beneficiaries filed a motion to certify the trial court's order for interlocutory appeal, which the trial court granted. On July 24, 2007, this court denied the Beneficiaries' motion requesting this court to accept jurisdiction of the interlocutory appeal. At a bench trial in November 2007 on the Beneficiaries' remaining claim against Wayne's Estate, the trial court sustained the objections of Maxine and Wayne's Estate to the admission of any evidence concerning the value of the forty-five acre parcel both in 1985 and at Wayne's death in 2005. Edith's son, John Ham, testified that Edith had died a "little over a year" earlier. *Id.* at 36. During closing arguments, Maxine and Wayne's Estate argued for the first time that the Beneficiaries' remaining claim should be barred by the doctrine of laches. The trial court allowed the claim in the sum of $2,266.58 for Wayne's breach of trust in failing to distribute the Elihu Trust principal at Elihu's death and also awarded the Beneficiaries $2,000 in attorney fees. This appeal followed.

**I.**

The first issue is whether the trial court erred by granting in part the motion for summary judgment filed by Maxine and Wayne's Estate. Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.,* 756 N.E.2d 970, 973 (Ind.2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Mangold,* 756 N.E.2d at 973. Our review of a summary judgment motion is limited to those materials designated to the trial court. *Id.* We must carefully review a decision on summary judgment to ensure that a party was not improperly denied its day in court. *Id.* at 974.

Where a trial court enters findings of fact and conclusions thereon in granting a motion for summary judgment, as the trial court did in this case, the entry of specific findings and conclusions does not alter the nature of our review. *Rice v. Strunk,* 670 N.E.2d 1280, 1283 (Ind.1996). In the summary judgment context, we are not bound by the trial court's specific findings of fact and conclusions thereon. *Id.* They merely aid our review by providing us with a statement of reasons for the trial court's actions. *Id.*

As a preliminary matter, we note that the trial court applied a limitations period of two years to the Beneficiaries' breach of trust claim. We have held that breach of trust claims "sound in tort" and are therefore "governed by the statutes of limitations appropriate to such actions." *Mack v. American Fletcher Nat'l Bank & Trust Co.,* 510 N.E.2d 725, 739 (Ind.Ct. App.1987), *trans. denied.* Accordingly, where the alleged breach of trust concerns personal property, the pertinent statute of limitations is two years. *See* Ind.Code

§ 34–11–2–4; *Malachowski v. Bank One, Indianapolis*, 590 N.E.2d 559, 563 (Ind. 1992) ("The court in *Mack* continued its analysis and concluded that the statute of limitations applicable to a breach of trust claim against a trustee is the two-year statute that controls claims for injuries to personal property. We agree with this conclusion and the legal reasoning that leads to it."). However, where the alleged breach of trust concerns real property, the pertinent statute of limitations is six years. *See* Ind.Code § 34–11–2–7(3); *Mack*, 510 N.E.2d at 739. Because the Beneficiaries' breach of trust claim concerns Wayne's conveyance of a forty-five acre parcel of real estate to himself and his wife, the pertinent statute of limitations is six years, rather than two.[3]

Nevertheless, the Beneficiaries do not dispute that they failed to bring a claim within six years of the conveyance in 1985. The Beneficiaries argue, however, that Wayne and Maxine fraudulently concealed the conveyance and that their concealment tolled the statute of limitations. "The claimant bears the burden of bringing suit against the proper party within the statute of limitations." *Beineke v. Chemical Waste Mgmt. of Ind., LLC*, 868 N.E.2d 534, 539–540 (Ind.Ct.App.2007). When a party moving for summary judgment asserts the statute of limitations as an affirmative defense and establishes that the action was commenced outside of the statutory period, the burden shifts to the nonmoving party to establish an issue of fact material to a theory that avoids the affirmative defense. *Id.* at 540.

Here, the Beneficiaries cite the following language from *Malachowski* in support of their argument:

> Ind.Code § [34–11–5–1] [4] operates to delay accrual of an action and the commencement of the limitations period when the defendant has concealed the existence of the cause of action from the plaintiff. *See also Guy v. Schuldt* (1956), 236 Ind. 101, 108, 138 N.E.2d 891, 894. Usually, to invoke the protection provided by this statute, the wrongdoer must have actively concealed the cause of action and the plaintiff is charged with the responsibility of exercising due diligence to discover the claims. *Hinds v. McNair* (1955), 235 Ind. 34, 45, 129 N.E.2d 553, 560. *However, where the parties are in a fiduciary relationship, such as trustee/beneficiary, the concealment of the claim need not be active. A mere failure to disclose, when there is a duty to disclose, may be sufficient to toll the statute. Guy v. Schuldt*, 236 Ind. at 109, 138 N.E.2d at 895.

590 N.E.2d at 563 (emphasis added). The Beneficiaries argue that they were in a fiduciary relationship with Wayne and that, therefore, Wayne's failure to disclose the material facts of the conveyance was sufficient to toll the statute of limitations.

Ind.Code § 30–4–3–7 provides in relevant part that, "[u]nless the terms of

---

3. Ind.Code § 30–4–6–12 provides for a three year statute of limitations for breach of trust claims against a trustee where the beneficiary seeking to assert the claim received a final account from the trustee. *See Malachowski*, 590 N.E.2d at 562–563. The statute does not apply in the present case because Wayne never provided a final account to the Beneficiaries. We note also that the statute expressly does not apply to "rights to recover from a trustee for fraud, misrepresentation or inade-quate disclosure related to the settlement of the trust." Ind.Code § 30–4–6–12.

4. Ind.Code § 34–11–5–1, formerly codified at Ind.Code § 34–1–2–9, provides: "If a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action, the action may be brought at any time within the period of limitation after the discovery of the cause of action."

the trust provide otherwise ... the trustee has a duty ... not to purchase or participate in the purchase of trust property from the trust for the trustee's own or an affiliate's account." It has long been the law in Indiana that a trustee cannot legally purchase the trust property. *See, e.g., Clark v. Wilson,* 77 Ind. 176, 179 (1881) ("The purchase of the trust property by one of the trustees was unquestionably illegal, and would be promptly set aside at the suit of the proper party."); *Washington Theatre Co. v. Marion Theatre Corp.,* 119 Ind.App. 114, 125, 81 N.E.2d 688, 692 (1948) ("There is a broad rule of equity grounded upon the high duty of a trustee or fiduciary to his beneficiary or correlate which does not permit him to acquire an interest in the subject-matter of the trust to the prejudice and detriment of his beneficiary or correlate."). Moreover, at the time of Wayne's conveyance of the forty-five acre parcel, Ind.Code § 30–4–3–5 provided: "[I]f the duty of the trustee in the exercise of any power conflicts with his individual interest or his interest as trustee of another trust, the power may be exercised only with court authorization." [5] *See Massey v. St. Joseph Bank & Trust Co.,* 411 N.E.2d 751, 754 (Ind.Ct.App. 1980). Thus, in 1985, Wayne could only convey the forty-five acre parcel to himself and Maxine with court authorization. Based on the nature of Wayne's relationship to the Beneficiaries as trustee and on the statutory requirement for court authorization, we conclude that Wayne had a duty to disclose the material facts of the conveyance to the Beneficiaries.[6] *See* Ind. Code § 30–4–6–5 (providing that proceedings under the Trust Code "may be initiated on either a petition or complaint and

---

**5.** As amended in 2006, Ind.Code § 30–4–3–5(a) currently provides:

> If the duty of the trustee in the exercise of any power conflicts with the trustee's individual interest or the trustee's interest as trustee of another trust, the power may be exercised only under one (1) of the following circumstances:
> (1) The trustee receives court authorization to exercise the power with notice to interested persons as the court may direct.
> (2) The trustee gives notice of the proposed action in accordance with IC 30–2–14–16 and:
> (A) the trustee receives the written authorization of all interested persons to the proposed action within the period specified in the notice of the proposed action; or
> (B) a beneficiary objects to the proposed action within the period specified in the notice of the proposed action, but the trustee receives court authorization to exercise the power.
> (3) The exercise of the power is specifically authorized by the terms of the trust.

**6.** Maxine and Wayne's Estate cite *Regan v. Uebelhor,* 690 N.E.2d 1222 (Ind.Ct.App.1998), *trans. denied,* for the proposition that, because Wayne conveyed the forty-five acre parcel to himself and Maxine while the income beneficiary, Elihu, was alive, "the only person who could have been prejudiced by a breach by Wayne was Elihu." Appellee's Brief at 10. In *Regan,* a remainder beneficiary alleged breach of trust where the trustee had borrowed money from the trust at an interest rate alleged by the remainder beneficiary to be below the market rate. 690 N.E.2d at 1225. The remainder beneficiary argued that, had the trustee not made the loans, there would have been more income available for distribution upon the death of the income beneficiary. *Id.* at 1226. We noted that the terms of the trust required the trustee to distribute *"all* income" to the income beneficiary. *Id.* Thus, we agreed with the trial court that the remainder beneficiary did not have standing to bring this claim against the trustee. *Id.*

In the present case, however, the Beneficiaries are alleging breach of trust concerning Wayne's conveyance of part of the trust principal to himself and Maxine. As named remainder beneficiaries, the Beneficiaries had a "fixed and vested" property right to distribution of the trust principal. *Lewis v. Clifton,* 837 N.E.2d 1016, 1021 (Ind.Ct.App.2005) (quoting *Trusteeship of Creech,* 130 Ind.App. 611, 618, 159 N.E.2d 291, 295 (1959)). Moreover, Ind.Code § 30–4–3–22(a) provides:

> A beneficiary of a trust may maintain an action:

upon notice as provided in 30–4–6–6"); Ind.Code § 30–4–6–6(a) (providing that "[n]otice must be given to any person or his personal representative who is named as a party in a petition or complaint, whose rights may be affected or upon whom a liability might be imposed by any proceeding ... and to any other person whom the court may order to be given notice.").

Once Maxine and Wayne's Estate raised the statute of limitations defense, the Beneficiaries had the burden to establish an issue of fact material to their theory that Maxine and Wayne had failed to disclose the material facts of the conveyance. *See Beineke,* 868 N.E.2d at 540. In their affidavits submitted in opposition to the motion for summary judgment, the Beneficiaries alleged that they were not aware of their interests as remainder beneficiaries in the trust principal until Wayne died in 2005, after which they were able to examine the trust agreement for the first time. They also alleged that they were unaware of material facts concerning the conveyance, such as whether Wayne paid any money into the trust for the land. We conclude that there remain questions of fact as to whether Wayne properly disclosed the material facts of the conveyance to the Beneficiaries in accordance with his duty as trustee and that, therefore, summary judgment on the expiration of the statute of limitations was inappropriate.[7] *See, e.g., Malachowski,* 590 N.E.2d at 564 (Ind.1992) (holding that summary judgment on the expiration of the statute of limitations was inappropriate where questions of fact existed as to whether beneficiaries' reliance on trustee's representations was reasonable).

The Beneficiaries also appeal the trial court's award of attorney fees in the amount of $2,000, which, they contend, does not represent "the full amount of reasonable fees." Appellant's Brief at 19. Ind.Code § 30–4–3–22(e) provides that, "[i]f a beneficiary successfully maintains an action [for breach of trust against a trustee], he is entitled to a judgment for reasonable attorney's fees." Because we reverse the trial court's partial grant of summary judgment, we also remand the issue of attorney fees. On remand, the Beneficiaries are entitled to reasonable attorney fees to the extent that they successfully maintain this action. *See Malachowski v. Bank One, Indianapolis,* 682 N.E.2d 530, 532 (Ind.1997) (holding that beneficiaries, having successfully maintained the action for breach of trust against trustee, were therefore entitled to reasonable attorney's fees), *reh'g denied.*

## II.

The final issue raised by Maxine and Wayne's Estate on cross appeal is whether the Beneficiaries' breach of trust claim against Wayne's Estate concerning Wayne's failure to distribute the trust

---

(1) to compel the trustee to perform his duties;
(2) to enjoin the trustee from committing an act which may be a breach of trust;
(3) to compel the trustee to redress a breach of trust; or
(4) to remove a trustee for cause and to appoint a successor trustee.

The Trust Code's definition of "beneficiary" includes "an income beneficiary, and a remainder beneficiary." Ind.Code § 30–4–1–2(3) (citing Ind.Code § 30–2–14–2); *Lewis,* 837 N.E.2d at 1018 n. 1. Accordingly, the Beneficiaries had a vested interest in the Elihu Trust at the time of the conveyance as well as the right under the Trust Code to seek to enjoin it as an alleged breach of trust on the part of Wayne.

7. The Beneficiaries also argue that the trial court abused its discretion by not allowing them to present evidence about the value of the forty-five acre parcel during the trial on Wayne's breach of trust in failing to distribute the trust principal in 1997. Because we reverse the trial court's grant of summary judgment concerning the forty-five acre parcel, we need not address the Beneficiaries' argument.

principal after Elihu's death is barred by the doctrines of laches and estoppel. Laches and estoppel are affirmative defenses. *See* Ind. Trial Rule 8(C). Under Ind. Trial Rule 8(C), a party seeking the benefit of an affirmative defense must raise and specifically plead that defense or it is waived. *Willis v. Westerfield,* 839 N.E.2d 1179, 1185 (Ind.2006). Here, Maxine and Wayne's Estate did not plead the defenses of laches and estoppel but, rather, raised them for the first time at trial during closing arguments. Despite this failure, they cite *Lincoln Nat'l Bank v. Shriners Hospitals,* 588 N.E.2d 597, 599–600 (Ind.Ct.App.1992), for the proposition that "an affirmative pleading of laches is not required so long as the laches defense is addressed at trial." Appellee's Brief at 17.

In *Lincoln,* we held that a trustee may raise affirmative defenses against trust beneficiaries at trial "without a special pleading to that effect." *Id.* (quoting *Meier v. Union Trust Co.,* 93 Ind.App. 457, 485, 176 N.E. 42, 51 (1931)). However, this principle is true only where the trustee filed a final account with the trial court and the beneficiaries objected to the final account, in which case the account "stands as the complaint" and the objections as the answer. *Id.* at 599; *Meier,* 93 Ind.App. at 485, 176 N.E. at 51. Here, Wayne never filed a final account, and the exception to the special pleading requirement for affirmative defenses for trustees does not apply. Accordingly, the failure of Maxine and Wayne's Estate to specifically plead the affirmative defenses of laches and estoppel waived the defenses.[8] *See* Ind. Trial Rule 8(C); *Roser v. Silvers,* 698 N.E.2d

860, 865 (Ind.Ct.App.1998) (holding that the affirmative defense of laches had been waived because of appellant's failure to specifically plead it); *Misner v. Presdorf,* 421 N.E.2d 684, 687 (Ind.Ct.App.1981) (holding that defense of laches was waived where appellants had not specifically pleaded it).

For the foregoing reasons, we reverse the trial court's grant in part of the motion for summary judgment filed by Maxine and Wayne's Estate and remand for proceedings consistent with this opinion.

Reversed and remanded.

BAKER, C.J., and MATHIAS, J. concur.

---

8. Maxine and Wayne's Estate also argue on cross appeal that the appeal of Edith Ham should be dismissed as a "nullity" because she died roughly a year before trial. Appellee's Brief at 17. In their closing arguments at trial, they noted Edith's death and requested that the trial court dismiss the case on her

behalf because there had been no "request for substitution of parties." Transcript at 132. The trial court appears not to have ruled on the request of Maxine and Wayne's Estate. On remand, we instruct the trial court to order the substitution of proper parties pursuant to Ind. Trial Rule 25(A).